# BALTIMORE CITY COURT

Filed August 28, 1889.

WILLIAM R. WEAVER, ETC.,

VS.

THOMAS C. CHAPPELL.

STEWART, J.—

In this case the defendant, who is a resident of Baltimore County, was sued before a justice of the peace of the City of Baltimore. He appeared by counsel at the trial before the justice and contested the claim, but was not successful and on the rendition of the judgment against him he took an appeal to this Court. He now moves to quash the proceedings because of his non-residence.

While it is true that the civil jurisdiction of a justice of the peace is confined to persons who reside in the county or city for which he is appointed, yet the question of residence, where the subject matter is one within the jurisdiction of the justice may be waived, and the case tried on its merits.

There is no special pleading required before the justice, nor is there, in this Court, on appeals from justices of the peace. The party summoned may appear in person and raise the question of jurisdiction; but having once submitted, and the case having been tried upon its merits, it is too late, in the appellate Court, to raise the question for the first time. Had it been raised, at the proper time, the plaintiff might have dismissed his suit, and brought it in another jurisdiction, and the costs then incurred would have been slight.

The fact that the defendant told the constable, who served the process, that he denied the jurisdiction of the justice has no bearing on the case; the proper person before whom to raise the question was the justice.

The distinction contended for by the defendant, that an attorney, being an officer of the Court, cannot waive a right of his principal before a justice, is not tenable. The attorney derives his power to act from an examination as to his qualifications before a competent tribunal; but that examination having been determined in his favor, and a license granted, he is as much of an attorney out of Court as in Court, and the suiter, by whom he is employed, is bound by his actions within the line of his duty. The act of an attorney, before a justice, are recognized in Herzberg vs. Adams, 39 Md. 309, and other cases.

In Ireton vs. Mayor and City Council of Baltimore, 62 Md. 432, it was decided that the appearance of the defendant by attorney, was an admission of the jurisdiction of the Court, and a waiver of an objection that might otherwise have been raised.

In this case the appeal reached the Court by an order of the attorney of the defendant, who had filed the appeal bond, before the justice, and on the call of the docket, his appearance had been duly entered. Had it not been so entered, the appeal would have been dismissed, or the judgment probably affirmed, on an *ex parte* trial, at the call of the docket, as the defendant does not appear to have entered his personal appearance, until after the case had been regularly reached for trial.

It would unsettle the practice of the Court to allow a party to disavow the act of an attorney at his pleasure, and the Court will therefore overrule the motion to quash.