S. & R. HOUGH *vs.* KELSEY & GRAY.

The jurisdiction of Circuit Courts, and the Court of Common Pleas of Baltimore city, is original and appellate. In the exercise of the latter, their decisions are final, unless provision is made by law for further appeal, and their judgments, although erroneous, are nevertheless conclusive, because within their jurisdiction.

The distinction is to be preserved between the right of appeal, or appellate jurisdiction and an appeal rightfully exercised; where the former exists, the decision upon the regularity or irregularity of the latter must be final.

APPEAL from the Court of Common Pleas of Baltimore city.

The appeal in this case was taken from a judgment of the Court of Common Pleas of Baltimore city, reversing a magistrate's judgment in favor of the appellants, rendered

October the 14th, 1859, in a suit instituted by the appellants against the appellees. The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*A. F. Musselman,* for the appellants:

I. The Common Pleas had no jurisdiction to entertain the appeal, it not having been taken within sixty days from rendition of judgment. The judgment was actually rendered October 14th, 1859. The petition of Kelsey & Gray, praying an appeal, was not filed until December 15th, 1859. The number of days intervening between these dates, exclusive of October 14th, were sixty-two. The appeal of Kelsey & Gray, therefore, was taken within *sixty-two* days after October 14th, 1859, and not within *sixty* days, as required by Act of 1852, ch. 239, sec. 3.

II. The Court of Common Pleas, having unwarrantably assumed jurisdiction in this cause, the Court of Appeals may review and reverse the judgment of the Common Pleas. *Webster vs. Cockey,* 9 *Gill,* 93. *State vs. Mister,* 5 *Md. Rep.,* 11. *State vs. Mace,* 5 *Md. Rep.,* 337.

III. No appeal was taken in this case at all; because the Act of 1852, ch. 239, sec. 3, requires an entry of appeal to be made by the magistrate *on his docket,* and this must be done before the justice goes out of office. The Legislature has not provided for this case, and it alone can.

IV. The Act of 1852, ch. 239, is a statute of limitations, to be strictly construed, and there can be no application of equity or of discretion of the Court in its interpretation.

*Henry Stockbridge,* for the appellees:

The present appeal should be dismissed, because:

1st. The Acts of Assembly of this State have given no

appeal to this Court from decisions of the Circuit Courts of the several counties, or of the Court of Common Pleas of Baltimore city, where said Courts are sitting as Courts of appeals from the decisions of justices of the peace; so sitting, they are Courts of special limited jurisdiction, and from such no appeal lies, unless it has been expressly given. *Carter & Wife vs. Dennison*, 7 *Gill*, 164. *Crockett vs. Parke*, 7 *Gill*, 238. *Webster, et al., vs. Cockey, et al.*, 9 *Gill*, 93. *State vs. Mister*, 5 *Md. Rep.*, 11. *State vs. Bogue*, 5 *Md. Rep.*, 352. *Lammott vs. Maulsby*, 8 *Md. Rep.*, 5.

2nd. In the capacity in which the Court of Common Pleas was acting, it was competent for it, in the absence of any Act of Assembly upon the point, to determine what was a sufficient indication of a purpose to appeal, and a sufficient order of appeal; and from its discretion and decision thus exercised, no appeal will lie. *Wall's Ex'r vs. Wall*, 2 *H. & G.*, 79. *Boteler & Belt, vs. The State, use of Chew*, 7 *G. & J.*, 109.

3rd. The decision of the Court of Common Pleas was clearly right in holding the appeal to have been taken within sixty days. The defendants had decided upon their course, and done what they could to render that decision effective. It was no fault of theirs, that the appeal had not been entered on the docket of the justice, and to deprive them of the right of appeal, because it was not so entered, would have been to punish them, because the justice had gone out of office or absented himself from his place of business. This case differs essentially from those in which this Court has entertained jurisdiction to reverse a judgment, when the Court below had exercised a power not conferred upon it. In this case, the Court of Common Pleas clearly had jurisdiction, if the appeal had been taken in time, and whether it had been so taken, was a question for that Court to decide; and from its decision on the point

no appeal will lie to this Court. It is a question regulated by no Act of Assembly, but left entirely to the sound judicial discretion of the Court. The decision of the justice was clearly wrong, and of the Court of ·Common Pleas clearly right, on the issue raised in the cause. The promissory note sued on was barred by the statute of limitations, and the attempt to prove a recognition of the debt, or a new promise, signally failed.

BOWIE, C. J., delivered the opinion of this Court:

The appellants obtained a judgment before a justice of the peace of Baltimore city, on the 14th October 1859, against the appellees, for $40.50 debt, and $1.55 costs. After the rendition of the judgment, the magistrate by whom the judgment was rendered, within thirty days after its rendition, and before an appeal was taken or notified to him, went out of office. The appellees, before sixty days had expired, authorized their attorney to appeal to the Court of Common Pleas. A petition was filed with the clerk of that Court, praying an appeal, on the 15th December 1859.

The appellants moved the Court to dismiss the appeal, because not taken within sixty days after the rendition of the judgment; which motion the Court overruled, and proceeded to try the cause, and reversed the judgment of the justice of the peace. From which judgment of the Court of Common Pleas, this appeal is taken.

Appeals from judgments of justices of the peace, in cases of small debts, to the County Courts, Circuit Courts, (and in the city of Baltimore to the Court of Common Pleas,) have been given by successive Acts of Legislature, the last of which, before the Code, regulating the appeal in this case, was that of 1852. Ch. 239, sec. 3, of that Act, provides: "That from all judgments of justices of the peace, the party or parties aggrieved thereby, shall be at liberty

*to appeal to the Court having jurisdiction* to hear such appeal at any time within sixty days after the rendition of any such judgment. * * * * And on the party signifying his intention to appeal, it shall be the duty of the justice of the peace to enter the appeal, with the date thereof, upon his docket, and to transmit the papers in the cause to the clerk of the proper Court."

It is admitted in the record, that the magistrate by whom the judgment was rendered, had gone out of office after the judgment, but within thirty days, after, and before the appeal was taken; that the appellees called at the magistrate's office to take an appeal, and failing to see him, subsequently, before sixty days had expired, authorized their attorney to appeal; and that the papers in the cause had not been actually brought into the Court of Common Pleas within sixty days after the rendition of the judgment.

The petition for appeal was filed on the 15th December 1859. The appellants contend, the Court of Common Pleas having "unwarrantably assumed jurisdiction," this Court may review and reverse their judgment. On the other hand, the appellees move to dismiss the appeal, because, among other reasons, the Acts of Assembly of this State have given no appeal to this Court from decisions of the Circuit Courts, or Court of Common Pleas, acting on appeals from judgments of justices of the peace.

Nearly the same authorities are referred to and relied on by the opposing counsel to maintain their respective positions.

The jurisdiction of Circuit Courts and the Court of Common Pleas, is original and appellate. In the exercise of the latter, their decisions are final, unless provision is made by law for a further appeal. Their judgments, although erroneous, are nevertheless conclusive, because within their jurisdiction; "they are not unwarrantably

pronounced and subject to be reviewed and reversed in this Court," because they are not correct.

The case of *Webster, et al., vs. Cockey,* 9 *Gill,* 93, in which the position relied on by the appellant occurs, viz.: "But if no such right of appeal be conferred on the County Court, then its judgments, unwarrantably pronounced on the subject, may, by appeal, be reviewed and reversed in this Court," when properly analyzed and considered with the case of the *State vs. Mister,* 5 *Md. Rep.,* 17, in which it is interpreted and construed, bears no other construction than that we have adopted. That was an appeal from the judgment of Baltimore County Court, reversing the judgment of the commissioners of Baltimore county, in relation to a certain road. A motion was made to dismiss the appeal, on which the learned Judge who delivered the opinion of the Court said:

"The jurisdiction conferred by the General Assembly of Maryland, on the commissioners of Baltimore county, in regard to the opening and shutting up of public roads, is a special limited jurisdiction, and from their decisions upon the subject, no appeal will lie to the County Court, unless provided for by legislative enactment. If such right of appeal from the proceedings of the commissioners be given by the Legislature to the County Court, its judgments thereon cannot be reviewed on appeal to this Court, unless the latter right of appeal be in like manner given. But if no such right of appeal be conferred on the County Court, then its judgments, unwarrantably pronounced on the subject, may, by appeal, be reviewed and reversed in this Court. In deciding therefore on the motion to dismiss the appeal before us, our inquiries are confined to two facts, to wit, has the Legislature vested in the County Court an appellate power over the proceedings of the commissioners, in opening and shutting up public roads in Baltimore county, and from the exercise of

such appellate powers given to the County Court, has the Legislature given a right of appeal to this tribunal?"

Finding the first power had been given to the County Court, and the latter had not been given to this Court, he concludes: "Assuming the existence of the appellate power exerted by the County Court in this case, for the correction of any *errors or irregularities in its proceedings under the same*, no appeal lies to this Court. In the *State vs. Mister*, 5 *Md. Rep.*, 17, this Court said: "An objection has been made in argument in reference to the appeal to the Circuit Court, because the judgment of the magistrate was against several parties, whereas the appeal was taken by only one of them."

"Admitting (but without deciding) the appeal ought to have been taken by all the parties, the failure to do so was an error which should have been taken advantage of in the Circuit Court. The decision in 9 *Gill*, 92, was, that where no right of appeal had been conferred on the County Court, then 'its judgments unwarrantably pronounced on the same subject, might, by appeal, be reviewed and reversed in this Court.'"

"We have said, the Circuit Court has jurisdiction in appeals on judgments condemning the vessels, we therefore cannot revise any *erroneous* decision made by that Court in reference to such cases. For in the case just referred to, it is most distinctly announced, that if the right of appeal was given by the Legislature to the County Court, its judgments thereon could not be reversed on appeal to this Court, unless the latter right of appeal was also given."

The distinction is here broadly preserved, between the right of appeal (or appellate jurisdiction) and an appeal rightfully exercised; where the former exists, the decision upon the regularity or irregularity of the latter, must be final. The obscurity (if any) in the case just cited, arises from the use of the words "right of appeal" in the sense

of appellate power, but whether interpreted by itself, or in connection with other cases, it is obvious it is not to be confounded with a rightful appeal, but wherever appellate jurisdiction exists, the Court invested with it, has the authority to decide whether it is properly exercised, from which decision there is no appeal, unless otherwise provided by law.

*Appeal dismissed.*

(Decided March 26th, 1863.)