## EDWARD A. F. MEARS *vs.* RICHARD A. REMARE.

*Right of Appeal from a Judgment of the Baltimore City Court Unwarrantably pronounced on an Appeal from a Justice of the Peace.*

In a proceeding instituted by a landlord against a tenant for years, wrongfully holding over after the expiration of his term, judgment was rendered by the Justice of the Peace for the tenant. The landlord appealed to the Baltimore City Court, and a summons was issued for the tenant and returned *non est.* Thereupon, a petition was filed by the landlord, alleging that, although the summons was returned *non est,* it had been in fact served by being made known to the family of the tenant. and also by service upon his attorney; the petition asked that the sheriff might be directed to amend his return by stating the facts specially in regard to the service of the writ. Without notice to the tenant, an order was passed by the Court directing the sheriff so to amend his return, which he did; and the Court proceeded to try the case *ex parte,* and rendered judgment of restitution, together with damages and costs. From this judgment the tenant appealed. HELD:

That the tenant, not having been returned summoned, and only *one* return of *non est* having been made, the Baltimore City Court had no jurisdiction of the case, and its judgment therein unwarrantably pronounced, may be reviewed on appeal, and should be reversed.

APPEAL from the Baltimore City Court.

This was an appeal from the judgment of the Court below, rendered on an appeal from a justice of the peace, in a proceeding by a landlord against his tenant, for wrongfully holding over after the expiration of his term. On the 15th of November, 1869, W. H. Bayzand, a justice of the peace of Baltimore city, at the instance and upon the complaint of the appellee, issued a summons against the appellant to show cause why he should not vacate certain premises on Charles street, and deliver the same forthwith to the appellee. The summons was made returnable on the 19th of the same month; after two continuances, the cause was tried and judgment rendered for the appellant. From this judgment an appeal was taken by the landlord, and a summons was issued

by the Baltimore City Court to the tenant, which was returned *non est.* Upon this return, the landlord filed a petition, the character of which, together with the action of the Court thereon, are sufficiently stated in the opinion of this Court. The City Court proceeded to the trial of the case *ex parte,* and rendered a judgment in favor of the landlord for a restitution of the premises, and for damages and costs. A motion was made by the tenant to strike out the judgment for the following reasons:

1st. That he had no legal notice that an appeal had been entered from the judgment of the justice of the peace.

2d. That he received no summons to appear in this Court to answer an appeal.

3d. Because the trial was had *ex parte,* when only one *non est* had been returned.

Affidavits were filed in support of the motion. The Court overruled the motion and refused to strike out the judgment. Thereupon the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON, MILLER, ALVEY and ROBINSON, J.

*Edward Israel* and *Milton Whitney,* for the appellant.

The proceedings in this cause were instituted under the special provisions of the Act of Assembly relating to landlords and tenants. The Code of Public General Laws provides the manner in which appeals from justices of the peace shall be heard. *Art.* 5, *secs.* 53, 54, 55.

In this case only *one* summons was returned *non est,* and the Court proceeded to hear and determine the case *ex parte,* notwithstanding the party was not within its jurisdiction, and never had been. The judgment of the Court below is void. *Brent, Trustee vs. Taylor, et al.,* 6 *Md.,* 69; 2 *Kent's Comms.,* 109

The Court below having proceeded to enter judgment against a party not within its jurisdiction, this Court will

entertain an appeal from such action.   *Bell, et al. vs. Jones,* 10 *Md.,* 331 ; *State vs. Mace,* 5 *Md.,* 337 ; *Kinnear, et al. vs. Lee, et al.,* 28 *Md.,* 488 ;  *Cockey vs. Cole,* 28 *Md.,* 276 ;  *Hall, et al. vs. The State,* 12 *G. & J.,* 329 ;  *Boarman vs. Israel,* 1 *Gill,* 381, 382 ; *Matthews, et al. vs. Dare, et al.,* 20 *Md.,* 248 ;  *Mayor and C. C. vs. Porter,* 18 *Md.,* 301 ;  *Horner vs. O'Laughlin,* 29 *Md.,* 466 ; *Evans' Prac.,* 24, 28, 168.

*Arthur W. Machen,* for the appellee.

The Baltimore City Court was in the exercise of an appellate jurisdiction, and its judgment (in the absence of a statute providing for the case,) is not a subject for appeal, and this appeal should, therefore, be dismissed.

The case was properly in the City Court upon an appeal duly taken.   Necessarily, its jurisdiction to determine every intermediate question, as well as to give final judgment upon the merits, is exclusive.   *Rundle vs. Mayor and C. C. of Baltimore,* 28 *Md.,* 361 ;  *Hough vs. Kelsey & Gray,* 19 *Md.,* 451 ; *Balto. and Havre-de-Grace Turnpike Co. vs. N. C. R. Co.,* 15 *Md.,* 193 ;  *Swan vs. Mayor and C. C. of Cumberland,* 8 *Gill,* 154.

The Constitution in terms declares the decision of the Judge holding the Baltimore City Court, to be " final," in case of an appeal from a justice of the peace.   *Const., Art.* 4, *sec.* 34.

From a special limited jurisdiction, where the proceeding is not after the course of the common law, no appeal lies to any other tribunal.   *Carter vs. Dennison,* 7 *Gill,* 173 ;  *Webster vs. Cockey,* 9 *Gill,* 92 ;  *Rundle vs. Mayor & C. C. of Balt.,* 28 *Md.,* 361 ;  *Kinnear vs. Lee,* 28 *Md.,* 488.

Unless by the express provision of some Act of Assembly, an appeal will not lie in any case in which a writ of error would not lie ; hence, as a writ of error cannot lie to a Court vested with a special jurisdiction, and not proceeding according to the forms of the common law, an appeal does not lie. *Savage Man. Co. vs. Owings,* 3 *Gill,* 498, 499.

In the present case, the City Court was not in the exercise of its general jurisdiction as a Court proceeding according to the forms of the common law. Consequently, upon this ground—were there no other—an appeal will not lie to this Court, none being given by statute in such case.

ROBINSON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Baltimore City Court, in a proceeding instituted by a landlord, in conformity with the provisions of the General and Local law, against a tenant for years, wrongfully holding over after the expiration of his term. 1 *Code, Art.* 53, and 2 *Code, Art.* 4. The case was originally tried before a justice of the peace, and the judgment being in favor of the tenant, an appeal was taken by the landlord to the Baltimore City Court.

The case was regularly docketed, and summons issued for the appellant, which, being returned *non est,* the appellee filed a petition alleging that, although the summons was returned *non est,* it was in fact served by being made known to the family of the appellant, and also by service upon his attorney; that in a proceeding of this kind, a summons was unnecessary, and the petitioner prayed that the cause might be put in order for trial and final determination upon its merits, and if deemed necessary, that the sheriff be directed to amend his return by stating the facts specially in regard to the service of the writ. Without notice to the appellant, an order was passed by the Court directing the sheriff so to amend his return.

It appears by the amended return, that the sheriff, having called several times at the residence and place of business of the appellant, without being able to make personal service of said writ upon him, made known to the son the nature of the writ, and also called upon the attorney of the appellant and requested him to admit service, which, however, he declined. Under the above facts, the sheriff returned the writ *non est.*

Upon this amended return being filed, the Court proceeded to try the case *ex parte*, and the appellee waiving a jury trial, it was heard before the Court, and a judgment rendered in favor of the landlord, the present appellee, for a restitution of the premises, and six hundred dollars damages, and twenty dollars and sixty-five cents costs.

A motion is made by the appellee to dismiss this appeal upon the ground that the Baltimore City Court was in the exercise of an appellate jurisdiction, and from its judgment in the premises, in the absence of statutory enactment, no appeal would lie. It has been repeatedly held, that in all cases of appeals from the decisions of justices of the peace, the judgment of the appellate tribunal is final and conclusive. But all of these decisions must be understood as referring to cases in which the Court had jurisdiction of the person or subject-matter. So early as *Webster, et al. vs. Cockey, et al.*, 9 *Gill*, 92, it was held, that if "the judgment was unwarrantably pronounced on the subject," it might be reviewed and reversed on appeal to this Court, and in *The State vs. Mace*, 5 *Md.*, 337, it was decided that the judgment of the Court of Common Pleas, rendered in a case in which it had no jurisdiction, could be reviewed on appeal by this Court.

In *Hough vs. Kelsey & Gray*, 19 *Md.*, 451, and *Rundle vs. Mayor and City Council of Baltimore*, 28 *Md.*, 361, it was held that the decision of the Appellate Court, in regard to the regularity or propriety of the appeal, was final and conclusive, but in *Kinnear & Willis vs. Lee & Reynolds*, 28 *Md.*, 488, this Court expressly say: "Where an inferior Court assumes jurisdiction, or where an order on its face appears to be partly within and partly beyond the scope of the Court's authority, an appeal lies, and the judgment thus unwarrantably pronounced, must be reversed."

The only remaining question, then, is, whether the Court below had jurisdiction in this case at the time the judgment was rendered.

Mears *vs.* Remare.

Now, the 900th section of Article 4, of the Code of Public Local Laws, provides, "that an appeal may be prosecuted from any judgment of a justice of the peace, rendered under the provisions of this law, to the Court of Common Pleas, in the manner and under the rules prescribed in cases within the ordinary jurisdiction of justices of the peace." And the 53d section of Article 5, of the Code of Public General Laws, declares, that "if two summonses be returned *non est*, or one summons be returned served, the Court may hear and determine the case *ex parte*. Jurisdiction, it is true, is conferred on the Circuit Courts in cases of appeal from the judgments of justices of the peace, but before they can exercise it, the party must either be returned summoned, or there must be two returns of *non est;* and there is nothing in the provisions of the local law under which this appeal was taken, or in the nature of the proceeding itself, to exempt this case from the express requirements of the law. The 903d section of Article 4, of the Code of Public Local Laws, which directs appeals to be tried at the first term, embraces cases only where the appellee has been summoned.

Here the Court undertook to try this case *ex parte,* upon one return of *non est.* The appellant had neither legal nor constructive notice, and judgment rendered under such circumstances is, therefore, "*coram non judice.*"

Whatever may be the supposed hardships resulting to the appellee by the reversal of this judgment, they are not to be weighed against the greater evils which would inevitably flow from a disregard of that fundamental principle which declares "no person shall be deprived of his liberty or property without due process of law."

For these reasons, the judgment below must be reversed.

*Judgment reversed.*

(Decided 1st July, 1870.)