## SELIGMAN HERZBERG *vs.* WILLIAM ADAMS.

*When the Judgment of the Appellate Court upon an Appeal from a Justice of the Peace, is Final—Art. 51, sec. 13, of the Code, defining the Civil jurisdiction of Justices of the Peace. Suits before Justices of the Peace.*

The judgment of the appellate Court, upon an appeal from a justice of the peace, is final when within the jurisdiction of the Court; if it be not within the jurisdiction of the Court, it is not final, and an appeal therefrom lies to this Court.

A suit was instituted before a justice of the peace for the wrongful conversion of the plaintiff's horse, and the plaintiff filed his claim for $100; with this claim was also filed by the plaintiff's attorney, a statement of the cause of action in which he claimed $99 as damages. Judgment was rendered by the justice for the defendant. On appeal by the plaintiff to the Baltimore City Court, the jury rendered a verdict in his favor for $100, and the Court thereupon reversed the judgment of the justice and entered judgment on the verdict for the appellant for $100 damages and costs. On appeal by the defendant, it was HELD:

That the verdict of the jury was not in excess of the jurisdiction of the justice of the peace as defined by sec. 13 of Art. 51 of the Code, and the judgment entered thereon was final.

No pleadings in suits before justices of the peace are required, and if an attorney should file a statement of the cause of action in which is mentioned an amount as the damages claimed, such statement is not to be regarded as the claim of the plaintiff, when that claim is clearly and particularly made, and is filed with the statement of the attorney.

APPEAL from the Baltimore City Court.

William Adams sued Seligman Herzberg in trover, before a justice of the peace, for the conversion of a horse, and in a statement of the cause of action claimed damages to the extent of $99. The plaintiff filed a claim

for $100. The justice after hearing the evidence rendered judgment in favor of the defendant, and the plaintiff thereupon appealed to the Baltimore City Court. The case was tried before a jury, and a verdict for $100 was rendered for the plaintiff; the defendant, thereupon filed a motion for a new trial, as also in arrest of judgment. Both of these motions were overruled, and the Court reversed the judgment of the justice of the peace, and entered judgment on the verdict for $100 damages and costs. The defendant appealed. After the entry of the appeal, the plaintiff entered a *remittitur* for the sum of one dollar, part of the damages aforesaid, and also moved the Court to strike out the judgment in the cause, and enter judgment for $99.

The cause was submitted to BARTOL, C. J., STEWART, GRASON, MILLER and ROBINSON, J.

*Richard Hamilton,* for the appellant.

The Court erred in overruling the motions of the defendant, and entering judgment. In so doing, it acted in excess of, and contrary to its jurisdiction.

*First.*—Because the verdict of the jury was in excess of the jurisdiction of the Court, and no judgment could properly be entered upon it. Being in excess, the plaintiff could not even remit, because the effect of a *remittitur* would be to give jurisdiction by consent, which this Court has decided cannot be done. *Armstrong vs. Mayor and Council of Hagerstown,* 32 *Md.,* 55, 56.

*Second.*—Because the *judgment* was in excess of the jurisdiction of the Court.

*Third.*—Because the verdict and judgment were in excess of the damages claimed by the plaintiff in his declaration, and it is a well established principle, as well as rule of law, that the plaintiff cannot recover more than the *ad damnum* the declaration calls for. 1 *Saunders'*

*Plead. and Ev.*, 740, (*marginal*,) 2 *Arch. Prac.*, 1319 ; *Usher vs. Dansey*, 4 *M. & S.*, 94 ; *Cheveley vs. Morris*, 2 *Wm. Black.*, 1300 ; 3 *Tidd's Practice*, 264 ; *Coursey vs. Covington*, 5 *H. & J.*, 45.

The effect of the motion in arrest was therefore to leave the plaintiff without a judgment. *Evans' Practice*, 424.

As to the plaintiff's action in filing a *remittitur* after judgment was entered—The correctness of the judgment below must be tested by the state of the case at the time it was rendered. Any action taken by the plaintiff after the judgment was rendered, is without avail. The record could not even be amended by consent. *Johnston's Adm'rs vs. Thomas and George*, 6 *Md.*, 452 ; *Parrish vs. The State*, 14 *Md.*, 238 ; *Cheveley vs. Morris*, 2 *Wm. Blackstone*, 1300.

From the time of taking an appeal by the appellant, the case was out of the jurisdiction of the City Court, and the plaintiff's motion could never have been acted upon.

*William J. O'Brien*, for the appellee.

The primary question to be determined is—whether the Baltimore City Court had jurisdiction of this case. If so, its right to give final judgment is exclusive, and is not a subject for appeal. *Mears vs. Remare*, 33 *Md.*, 246.

The Baltimore City Court having jurisdiction to the amount of one hundred dollars, on appeal, properly entered the judgment on the verdict of the jury. It is true that the claim was only ninety-nine dollars, but the jury had a right to allow the additional dollar *quasi* interest, and thus render their verdict for one hundred dollars.

GRASON, J., delivered the opinion of the Court.

It has been repeatedly held by this Court, that, in all cases of appeals from judgments of justices of the peace,

the judgment of the Appellate Court is final. But these decisions must be understood, as referring to cases within the jurisdiction of the Appellate Court, for, if it exceeds its jurisdiction, an appeal will lie to this Court. *Webster, et al. vs. Cockey, et al.*, 9 *Gill*, 92; *State vs. Mace*, 5 *Md.*, 337; *Kinnear & Willis vs. Lee & Reynolds*, 28 *Md.*, 488; *Mears vs. Remare* 33 *Md.*, 250.

The appellant, in his brief, contends that the verdict of the jury, being for one hundred dollars, was in excess of the jurisdiction of the justice of the peace, and consequently no judgment could be entered upon it by Baltimore City Court.

The thirteenth section of Article 51 of the Code, prescribes the civil jurisdiction of justices of the peace, and enacts that it shall embrace all cases for the enforcement of contracts, and to obtain redress for wrongs, "*where the debt or damages claimed shall not exceed one hundred dollars.*" This suit was instituted for "the redress of a wrong," that is, for a wrongful conversion of the plaintiff's horse by the defendant, and the damages claimed did "not *exceed* one hundred dollars," as the plaintiff filed his claim with the justice for precisely that amount. The verdict of the jury for that sum, was therefore not in excess of the jurisdiction. But with this claim was also filed by the plaintiff's attorney, a statement of the cause of action in which he claims ninety-nine dollars as damages, and the appellant here seems to treat this statement of the plaintiff's attorney, as the plaintiff's claim of damages. No pleadings in suits before justices of the peace are required, and if an attorney should file a statement of the cause of action, in which is mentioned an amount as the damages claimed, such statement is not to be regarded as the claim of the plaintiff, when that claim is clearly and particularly made, and is filed with the statement of the attorney. But even if the latter is to control the former, still we cannot find that the juris-

Herzberg *vs.* Adams.

diction conferred upon justices of the peace, has been transcended in this case. The suit was brought about nine months, and tried in the Appellate Court about one year after the conversion of the plaintiff's horse, and the jury may have allowed *quasi* interest, one dollar more than the ninety-nine claimed. This they might well do, as the measure of damages in actions for conversion, is the value of the property at the time of the conversion, with interest. Taking, therefore, the appellant's view, as to what constitutes the plaintiff's claim as correct, there has been no excess of jurisdiction.

As the Court below had jurisdiction to enter the judgment on the verdict for one hundred dollars, it becomes unnecessary to notice the point presented, as to the right to file a *remittitur* after the appeal was taken, further than to say, that, if the appellant should not think proper to avail himself of it, he may pay the whole amount of the judgment.

As the Court below has not exceeded its jurisdiction, no appeal lies to this Court, and it will therefore be dismissed.

*Appeal dismissed.*

(Decided 23d January, 1874.)