DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1905.

---

### Henry Mundt v. Cooke-Rutledge Coal Company.

#### Gen. No. 11,730.

1. APPEARANCE—*when deemed general.* Where a party appears for a specific purpose, he must confine his appearance to that purpose or he will be held to have appeared generally.

2. DISMISSAL—*plaintiff's right of.* Where a plaintiff before a justice of the peace recovers a judgment, and an appeal from such judgment is taken by the defendant, such plaintiff has the absolute right upon appeal to dismiss his suit without the consent of the defendant.

3. FORMER SUIT PENDING—*when plea of, properly denied.* A plea in abatement is properly denied, where at the time of its interposition there was no former suit pending.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. E. O. BROWN, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed February 9, 1905.

WALTER G. KRAFT, for appellant.

CHARLES E. POPE, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee recovered a judgment for $63.46 in assumpsit before a justice of the peace against appellant. The former perfected an appeal to the Circuit Court. In that court

Mundt v. Cooke-Rutledge Coal Co.

appellee, being dissatisfied with the amount of its recovery, dismissed its suit June 15, 1903; and thereafter and on that day brought a second suit upon the same cause of action before another justice. June 25, 1903, appellee recovered a judgment in this second suit for $148.20, from which appellant appealed to the Circuit Court.

June 23, 1903, appellant, after entering a general appearance in the first cause, moved to set aside the order of dismissal entered therein. That order had been entered as if upon the agreement of the parties. Appellant supported his motion by affidavit showing that he had not consented to such order. Appellee filed an affidavit showing that, in fact, the order was obtained upon its motion and not by agreement of the parties. On the hearing of the motion the court set aside the order of dismissal, and then on motion of appellee dismissed said suit. Appellant prayed for and was allowed an appeal from the order dismissing said cause, and filed a bill of exceptions therein, but did not further perfect his appeal.

October 24, 1903, appellant made a motion in the second appeal " to dismiss suit on plea of former suit pending." This motion, upon his admission in open court that the former suit was not then pending, was denied. The second appeal was tried in the Circuit Court November 2, 1903, and a verdict rendered in favor of appellee in the sum of $148.20. From the judgment entered on that verdict the present appeal was perfected.

The appearance of appellant in the Circuit Court in the first appeal was unlimited, and was therefore a general appearance. Where a party appears for a specific purpose, he must confine his appearance to that purpose, or he will be held to have appeared generally. Abbott v. Semple, 25 Ill. 107.

When the court set aside the dismissal of the first case, it had jurisdiction of the subject-matter and of the parties. The cause then was ready to be tried or to be otherwise disposed of. Having recovered a judgment below, the right of appellee to dismiss its suit in the Circuit Court is

elementary. *In re* Storey, 120 Ill. 258. The cases cited by appellant are not in point. In Camp v. Hogan, 73 Ill. 228, in Hayward v. Ramsey, 74 Ill. 372, and in Sheridan v. Beardsley, 89 Ill. 477, the appeals were dismissed without the consent of the appellants.

Formerly all pleadings were *ore tenus*. This practice, except where changed by statute, still obtains in justice courts. When a case tried and determined by a justice of the peace is appealed to a court of record, the same rule is applied. At common law, whenever a question arises in the trial of a case before a justice of the peace, the proper proceeding, either in attack or in defense, is presumed to be pleaded. If the second suit had been commenced in the Circuit Court in the first instance, the substance of appellant's motion to dismiss that suit because of a former suit pending, must have been put in the form of a plea in abatement setting forth that fact. But as the case originated in the justice court and stood on appeal in the Circuit Court, the same result was reached by the motion.

When the motion was made, the subject-matter it contained was for the first time "pleaded" or brought to the attention of the court, and it then became the duty of the court to act upon it as it would have acted had the suit been commenced in a court of record and a formal plea in abatement for the same cause been interposed. Steele v. Grand Trunk Ry. Co., 125 Ill. 391. The admission of appellant at the time of making this motion, that the prior suit therein referred to was not then pending, robbed the motion of all merit; and the trial court therefore properly denied it. A plea in abatement of a former suit pending, when at the time the plea is filed such former suit is not pending and undetermined, is a legal absurdity. Ross v. Nesbit, 2 Gilm. 258; 1 Ency. Pl. & Pr., pp. 754, 755.

The evidence of appellant tended to prove that August 11, 1902, he bought three or more cars of coal from appellee through its salesman, Wm. J. Knechler, who gave appellant the following memorandum of such sale:

"Carterville six-inch lump, 3 cars or more F. O. B. N.

W. R. R. track Oak Park $2.40 per ton. 1 car to be delivered the middle of Oct. '02 and the balance as notified.

Wm. K.

9–11, 1902;"

that at the request of such salesman appellant, September 8, 1902, took one car of coal and paid for the same at the agreed price per ton; that in January 1903, at the request of appellant, appellee sent him another car of coal, but billed it at $4.50 per ton instead of $2.40 per ton; that when appellant remonstrated with appellee because of this change in price, the latter refused to reduce the bill to $2.40 per ton; that thereupon he tendered appellee $63.46, which was the full amount due, but appellee refused to receive the same; and that this is the cause of action on which the verdict and judgment in this case were entered.

Appellee admitted the making and delivery of such memorandum, and gave evidence tending to prove that its said agent had no authority to bind it by any contract, as every sale made by him had to be accepted by it and confirmed in writing to the purchaser before appellee was bound thereby; that August 13 or 14, 1902, at its request, said salesman went to appellant and told him that appellee would not accept the order in the way he had written it, because prices of coal were going to be advanced, and at that price appellant would have to take the coal before October 1, 1902; that thereupon appellant responded, "All right; you can send me one carload now and I will let you know in regard to the balance of the order;" that thereupon one car of coal was delivered to appellant, and nothing further was heard from him until in January, 1903, when he came to the office of appellee and wanted another car of the same kind of coal, and asked the price, and was told it was $4.50 per ton; that he thereupon ordered a car to be sent him that day; that this was done, and a bill or order of confirmation was mailed to him on the same day, in which the price was stated to be $4.50 per ton, and contained the words, "Confirming our acceptance of your purchase in the A. M. of the 5th;" that no objection was made

to said bill or order of confirmation until February 4, 1903, when appellant came to the office of appellee and made a tender in gold for the last car at the price of $2.40 per ton, and handed back the bill or order of confirmation, saying, " I know the price is $4.50, but I have a contract with you. I thought you made a mistake; " and that appellee refused such tender.

In short, the theory of appellant is that the memorandum was the contract of the parties; while that of appellee is that the contract was by words only, and was entered into when the salesman of appellee went back to appellant in August, 1902. The evidence upon these conflicting theories was fairly submitted to the jury, which found in favor of appellee. The testimony is conflicting, and it was for the jury in the first instance to pass upon the credibility of the witnesses and upon the weight of the testimony. We are of the opinion that the verdict of the jury is sustained by the preponderance of the evidence, and we therefore ought not and cannot disturb it.

Appellant complains of the giving of instructions offered by appellee, of the refusal of instructions tendered by him, and of the modifying and the giving of instructions as modified. He also complains of the admission of evidence presented by appellee, and of the exclusion of evidence offered by him. It is unnecessary to pass upon these many points in detail. It is sufficient to say that we have examined the record in the light of the arguments before us, and are of the opinion that there was no reversible error committed in the trial of this cause. We therefore affirm the judgment of the Circuit Court.

*Affirmed.*

Mr. Justice BROWN, who heard the case in the court below, took no part in this decision.