## WILLIAM QUEEN, JOSEPH GREEN AND JOHN JOHNSON *vs.* STATE OF MARYLAND.

*Justices of the peace: appeal and writ of error; jurisdiction; in Anne Arundel County; Act of 1908, ch. 524.*

When a statute gives an appeal from a judgment of a justice of the peace to the Circuit Court, the judgment of the latter is final and conclusive, whether the justice had jurisdiction or not, unless the statute gives an appeal to the Court of Appeals from the judgment of the Circuit Court.      p. 680

But under a *certiorari,* the Circuit Court would be in the exercise of its ordinary common law jurisdiction, and from its judgment in such a case a writ of error or appeal could be taken to the Court of Appeals.                      p. 681

Bills of exceptions are not allowed in the trial of cases upon appeal from judgments rendered by justices of the peace; and if in the record will not be considered.          p. 682

A justice of the peace of the Sixth Election District of Anne Arundel County, under Chapter 524 of the Acts of 1908, has the same jurisdiction which the justices under pre-existing law had over offences committed in the First Precinct of the Second Election District.                      p. 682

*Decided November 24th, 1911.*

Appeal from the Circuit Court for Anne Arundel County (BRASHEARS, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Robert Moss,* for the appellant.

*Isaac Lobe Straus, the Attorney-General* (with whom was *Walter D. Eiseman* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

The appellants in this case were charged with an assault and battery upon Charles C. Fisher and others in Anne Arundel county, and were brought before John N. Davis, Esq., a justice of the peace of that county under a warrant issued by him. Both the state's attorney for Anne Arundel county, and the appellants waived the right of jury trial. Upon trial they were all adjudged to be guilty and were sentenced to be confined in the Maryland House of Correction for varying periods, and they each appealed from this judgment of the justice of the peace to the Circuit Court for Anne Arundel County. When the case was called for trial in that Court, the defendants moved the Court to reverse the judgment and quash the warrant in the case because, as they alleged, the justice had no jurisdiction to hear and determine the case or to render judgment in the same. This motion was overruled by the Court and the defendants were again adjudged to be guilty and were sentenced to be confined in the Maryland House of Correction for the same periods respectively for which they had been sentenced by the justice, and from that judgment they have appealed to this Court.

The record contains what is called a bill of exceptions signed and sealed by the Judge before whom the case was heard, and it sets forth the motion made to quash the warrant with the reasons therefor, and states that the State's attorney for Anne Arundel county admitted that the offence was committed in the First Precinct of the Second Election District of Anne Arundel County, and that John N. Davis, the justice who heard the case below, was not the police justice of the First Precinct of said Election District.

The contention of the appellants is that under the local law of Anne Arundel county, as amended by Chapter 524 of the Acts of 1908, the police justice of the Second Election District has *exclusive* jurisdiction of all criminal offences

committed in the First Precinct of that district, and that Justice Davis not being such police justice, had no jurisdiction to hear and determine the case. But even if this should be conceded, the judgment in this case could not be reversed, because it is firmly established by the decisions of this Court that wherever the statute gives an appeal from a judgment of the justice of the peace to the Circuit Court, the judgment of the Circuit Court is final and conclusive, and there is no appeal to this Court, whether the justice had jurisdiction or not, unless the statute gives an appeal to this Court from the judgment of the Circuit Court.

It was so held in *Rayner* v. *State,* 52 Md. 373. In that case Judge Alvey said: "It is only where the *Circuit Court* has proceeded without right or jurisdiction to hear and decide the case that an appeal or writ of error may be taken to this Court to reverse a judgment that is unwarrantably rendered. But here" (as in the case before us now) "the statute under which the proceedings were taken, by express terms, gave the right of appeal from the judgment of the justice to the Circuit Court, without giving any right of appeal to this Court. * * * Having invoked that jurisdiction and submitted himself to it, and the case having been regularly tried, he has no redress by an appeal or writ of error to this Court. If the Circuit Court had power and jurisdiction under the appeal taken, to revise and reverse the judgment of the justice, either for the want of *jurisdiction in the justice,* or upon other grounds, it had right and jurisdiction to affirm the judgment of the justice, *and that judgment of affirmance must be taken as final and conclusive, as the judgment of reversal would have been, if such judgment had been rendered.* * * * If the appeal had not been authorized by law, or if judgment had been rendered against the party in his absence and without legal notice, or opportunity of defending himself, or asserting his rights, or the Court had, in the rendition of its judgment, transcended the limited jurisdiction conferred upon it, in all such cases the party prejudiced by the judg-

ment would have had the right of appeal.  In other words, there would have been a want of jurisdiction *in the Circuit Court to render the judgment,* and *for that reason* the right of review would exist."

It is difficult to imagine how greater precision, or more absolute finality, could have been imparted to language; and the Court then proceeded to say, that "it does not follow that the law denies to a party feeling himself aggrieved, the means of reaching this Court, on such a question, *by the proper proceeding.* * * * The fact that the statute gives an appeal to the Circuit Court from the judgment of the magistrate does not take away or deprive the party of the benefit of a *certiorari* for the purpose of having decided the question of the *power and jurisdiction of the magistrate,* though the writ will not be granted to bring up the case on its merits, as distinguished from the question of jurisdiction where an appeal is given."

Under a *certiorari,* the Circuit Court would be in the exercise of its ordinary common law jurisdiction, and from its judgment in such case, a writ of error or an appeal could be prosecuted to this Court.

This case has been repeatedly cited and followed.

It was followed in *Judefind* v. *State,* 78 Md. 512, where the constitutionality of our law prohibiting work on Sunday was involved, and Judge Boyd said, *"Rayner* v. *State* was directly in point and it was unnecessary to refer to the other decisions of this Court."

It was followed in *Messick* v. *State,* 82 Md. 583, *Smith Premier Co.* v. *Westcott,* 112 Md. 152; *Green* v. *State,* 113 Md. 454, and *Hendrick* v. *State,* 115 Md. 552, and the same principle was applied in *N. Y. Mining Co.* v. *Midland Co.,* 99 Md. 512, in an appeal from a judgment of the Circuit Court of Alleghany County confirming an inquisition for the condemnation of land for a public use, because the statute conferring upon the Circuit Court a special and limited jurisdiction to confirm or reject the inquisition provided no appeal from its judgment.

It necessarily follows that the appeal in this case must be dismissed. It may not be amiss to say that under our decisions in Maryland, bills of exception are not allowed in the trial of cases upon appeal from judgments rendered by justices of the peace, and when they appear in the record the Court is not at liberty to examine them. *Cole* v. *Hynes,* 46 Md. 181, but they must be treated as if they had been expunged from the record. *Shippler* v. *Broom,* 62 Md. 318.

The record as presented does not warrant us in expressing any view as to the effect of Chapter 524 of 1908 upon the jurisdiction of the justice before whom this case was heard and determined, because the record does not disclose the election district for which he was appointed, and without knowledge of that fact we could not speak with authority; but if the record showed that he was at that time a justice of the Sixth Election District of Anne Arundel county, we should have little, if any, doubt that Chapter 524 of 1908 preserved the jurisdiction which the justices of the Sixth District had under pre-existing law over offences committed in the First Precinct of the Second Election District.

But for the reason first assigned this appeal will be dismissed.

> *Appeal dismissed, the appellants to pay*
> *the costs above and below.*