# DENNIS M. MATTHEWS vs. JOHN S. WHITEFORD AND CLARENCE WHITEFORD.

*Justice of the peace: appeals to the Circuit Court; to the Court of Appeals. Landlord and tenant: notice to quit.*

Appeals to the Court of Appeals from the decision of a Circuit Court reviewing the judgment of a justice of the peace, the only question that can be considered is whether the Circuit Court had jurisdiction to decide the matter, and the correctness of its decision is not reviewable.                    p. 124

Where a Circuit Court reviews the decision of a justice of the peace in a suit brought by a landlord to recover possession of the premises from the tenant, the sufficiency of the notice to quit and the effect of a clause in the lease waiving notice is properly reviewable.                              p. 124

*Decided December 5th, 1912.*

Appeal from the Circuit Court for Baltimore County (HARLAN, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*J. Marsh Matthews* and *Laurie H. Riggs,* for the appellant.

*James J. Archer* (with whom was *R. H. Archer, Jr.,* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Baltimore County. The proceeding was instituted by the appellant under section 1 of Article 53 of the Code of 1912, before a Justice of the Peace of Baltimore county, against the appellees, for restitution of the possession of a farm in said county theretofore leased by the appellant to the appellees, for the period of one year, ending on the 28th day of February, 1912. The complaint of the appellant complied with the requirements of section 1 of Article 53, and summons was issued accordingly for the appellees who appeared on the day set for trial, and upon trial, the justice rendered judgment in favor of the plaintiff for the restitution of the possession of the premises demised, and costs. Appeal was prayed from that judgment and the papers were sent up to the Circuit Court for Baltimore County.

The docket entries in the Circuit Court show that the papers sent up by the justice were filed with the clerk of the Court April 9th, 1912; that on April 11th, "Petition and order of Court thereon filed," but neither the petition nor order appears in the record; April 13th, 1912, "Answer of defendants, filed;" April 24th, "Defendant's defenses, filed;" April 24th, 1912, "Case was heard by Judge Harlan, upon the written notice, lease and letters, but declined to hear the evidence bearing directly upon the written notice in question. Held *sub curia.*" May 10th, 1912, "Proceeding in the above entitled case quashed; opinion and order of Court, filed." May 21st, 1912, "Order for an appeal to the Court of Appeals, filed. Sept. 9th, 1912, "Approved bond, filed." It appears from the opinion of the Court, incorporated in the record that the Court held the notice to quit which was given by the appellant to the appellees was defective in that it fixed a date for the appellees to quit, different from that fixed by the lease as the expiration of the term, the lease being for the year ending *February* 28th, 1912, and the notice requiring the appellees to quit *April* 28th, 1912, and the Court held that the tenancy was not

thereby terminated, and that jurisdiction to order restitution of the premises could not be conferred on the justice by the clause in the lease waiving any notice to quit. The appellees have moved to dismiss the appeal, for want of jurisdiction in this Court to review the judgment of the Circuit Court for Baltimore County, the right of appeal therefrom not being given by any statute.

There can be no question that the justice was in the exercise of his rightful jurisdiction to hear and determine the complaint, and that the Circuit Court of Baltimore County had jurisdiction on appeal to review the judgment of the justice. It is equally clear that in reviewing the judgment of the justice, the Circuit Court had power to decide upon the sufficiency of the notice to quit, and also of the effect of the clause in the lease waiving any notice to quit.

It is firmly settled by numerous decisions that the only question in such cases, which this Court can consider, is whether the Circuit Court had the right to decide what it did decide, and that we cannot consider whether it decided rightly or not. *Rayner* v. *State,* 52 Md. 368; *Clark* v. *Vannort,* 78 Md. 221; *Mining Company* v. *Midland Company,* 99 Md. 506; *Smith Premier Co.* v. *Westcott,* 112 Md. 146; *Queen* v. *State,* 116 Md. 678.

The appeal must therefore be dismissed.

*Appeal dismissed, with costs to the appellees above and below.*