# EDWIN M. WILMER

*vs.*

## ANNIE G. MITCHELL, Executrix.

*Justices of the Peace: appeals to City Court; appeal to
Court of Appeals; jurisdictional
question only.*

No appeal lies to the Court of Appeals from the judgment
of a Circuit Court on appeal from a judgment of the Justice
of the Peace, if the Circuit Court had jurisdiction to review
the judgment of such Justice of the Peace.                    p. 301

A judgment upon a *scire facias* is a valid and binding judg-
ment, and under section 86 of Article 5 of the Code providing
for appeals from Justices of the Peace, an appeal from such a
judgment will lie.                                            p. 301

Although the writ of *scire facias* is a judicial process, yet it
partakes of the nature of an action, and a defendant may appear
and plead to it in the same manner as to an action founded
upon an original writ, and the judgment thereon is considered
as a new judgment, having all the attributes of the original on
which the *scire facias* was founded.                        p. 301

The bond, required by section 92 of Article 5 of the Code,
in cases of appeals from the judgment of Justices of the Peace
is for the purpose of staying execution, and does not affect the
jurisdiction of the Court to hear the appeal.                p. 302

*Decided January 14th, 1914.*

Appeal from the Baltimore City Court (BOND, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*David Ash,* for the appellant.

*Edward M. Hammond* (with whom was *N. Rufus Gill & Sons,* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The only question presented on this appeal is whether the Baltimore City Court, sitting for the purpose of hearing appeals from Justices of the Peace of Baltimore City, had jurisdiction to hear and determine the case now before us, when on appeal to that Court.

The question, we think, is free from difficulty and is clearly answered by a statement of the facts, set out in the record, and the law bearing upon the subject.

The appeal to the Circuit Court was taken by the appellee from seven judgments of fiat rendered on November 22nd, 1900, in favor of the appellant against the appellee, as executrix of James H. Marriott, upon writs of *scire facias* duly issued by one David H. Lucchesi, a Justice of the Peace of Baltimore City, on seven judgments previously rendered against James H. Marriott, in his lifetime.

It appears from the docket entries that on the 26th of February, 1913, the appellant, Wilmer, moved the Court to dismiss the appeal because the Court was without jurisdiction to hear the case. This motion was overruled, the case was heard and the following entry appears in the record: "26th of February, 1913, judgment reversed and judgment in favor of the defendant with costs." On the 28th of February, 1913, a motion to strike out this judgment was heard and on the 26th of April, 1913, it was overruled.

It will be seen that appeal from any judgment rendered by a Justice of the Peace of Baltimore City to the Baltimore City Court is provided by statute, Article 5, section 86 of the Code, by any party aggrieved thereby, at any time within sixty days from the rendition of the judgment.

It has been repeatedly held, that this Court cannot review a judgment of the Circuit Court, on appeal from a Justice of the Peace, if that Court had jurisdiction to hear the appeal and to review the judgment of the justice. *Matthews* v. *Whiteford,* 119 Md. 124; *Hendrick* v. *State,* 115 Md. 560.

The appellant contends, that the Baltimore City Court was without jurisdiction to hear and determine the case; first, because the judgment of fiat, on the writ of *scire facias* is not a judgment within the meaning of section 86 of Article 5 of the Code and is not an appealable judgment; and secondly, because the appellee here and the appellant in the Court below, did not comply with section 95 of Article 5 of the Code relating to the payment of costs, incurred on the judgment and proceedings before the justice, and did not file a sufficient appeal bond, as required by law.

As to the first objection, we need only say, that it has been distinctly held by this Court, that a judgment rendered upon a *scire facias* is a valid and binding judgment, and falls within section 86 of Article 5, providing for appeals from Justices of the Peace.

In *Weaver* v. *Boggs,* 38 Md. 264, JUDGE MILLER, in delivering the opinion of this Court, in speaking of the nature and office of the writ of *scire facias,* and the judgment founded thereon, said: "In this State it is clearly settled that though it is a judicial process, yet it so far partakes of the nature of an action, that the defendant may appear and plead to it in the same manner as to an action founded upon an original writ, and the judgment thereon is considered a new judgment having all the attributes of the original, upon which the *scire facias* was founded." *Mullikin* v. *Duvall,* 7 G. & J. 355; *Johnson* v. *Lemmon,* 37 Md. 336; *Lambson*

v. *Moffett,* 61 Md. 426; 2 *Poe's Pleading & Practice,* secs. 609 and 610.

The second point is clearly not tenable. As was said by this Court in *B. & O. R. R. Co.* v. *Waltemyer,* 47 Md. 332, the mere statement of the proposition is enough to show its fallacy. In that case it was said in construing a statute similar, to the Act of 1902, Chapter 144, that the payment of the costs is not required as a condition of the appeal, but is a condition precedent to the hearing. It was contended in that case, that the payment of costs before trial in cases of appeals from judgments of Justices of the Peace, was jurisdictional, and judgments entered without payment of such costs, would be *"coram non judice,"* and void. This Court, said, the law is directory, and courts of justice could not adopt a construction of a statute that would be so liable to abuse. The jurisdiction of the Circuit Court was decided to be ample in that case and the appeal was dismissed.

The filing of an appeal bond as required by section 92 of Article 5 of the Code, is for the purpose of staying execution on the judgment appealed from, as stated by the statute, and cannot relate to the right of appeal or the jurisdiction of the Court, to hear the appeal. *Blondheim* v. *Moore,* 11 Md. 365; *Glenn* v. *Davis,* 35 Md. 208; *Stinson* v. *Ellicott City Company,* 109 Md. 115; *Lewis* v. *Higgins,* 52 Md. 614.

It is clear upon the face of the proceedings that the Justice of the Peace had jurisdiction to hear and determine the case, and that the Baltimore City Court, had authority on appeal to review the judgment of the justice, so there is no right of review by this Court, and the appeal must be dismissed. *Clark* v. *Vannort,* 78 Md. 220; *State* v. *Rayner,* 52 Md. 373; *Queen* v. *State,* 116 Md. 678; *Matthews* v. *Whiteford,* 119 Md. 124; *Stephens et al.* v. *Mayor and Council of Crisfield, ante,* page 190.

*Appeal dismissed, with costs.*