# JOHN C. TODD

## *vs.*

## MAYOR AND CITY COUNCIL OF FROSTBURG.

*Amendment of Municipal Charter—Sufficiency of Title— Appeal from Justice of Peace.*

The title to Acts 1902, ch. 88, which describes it as an act repealing and re-enacting with amendments certain sections of article 1 of the Code of Public Local Laws, relating to the Town of Frostburg, in Allegany County, sufficiently complies with Constitution, art. 3, sec. 29.                                   p. 694

A judgment of the circuit court, on appeal from a justice of the peace, involving merely the constitutionality of the statute on which the decision of the justice was based, is not reviewable in the Court of Appeals.                                   p. 694

*Decided November 17th, 1922.*

Appeals from the Circuit Court for Allegany County (Doub, J.).

Actions of debt by the Mayor and City Council of Frostburg against John C. Todd, trading as Todd Drug Company. From judgments affirming judgments of a justice of the peace in favor of plaintiff, defendant appeals. Dismissed.

The causes were submited on briefs to Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*Charles G. Watson,* for the appellant.

*William A. Gunter,* for the appellee.

694 TODD *vs.* FROSTBURG.

Urner, J., delivered the opinion of the Court.

The Mayor and Councilmen of Frostburg sued the appellee, before a justice of the peace of Allegany County, to recover the sum of seventy-five dollars, as a license fee, under a municipal ordinance, for the sale of intoxicating liquors on prescriptions issued by him as a druggist, under a federal permit, during the year 1920. A separate suit was brought to recover a similar license fee for the following year. Judgments were rendered by the justice in favor of the plaintiff for the amounts claimed. The defendant then appealed to the Circuit Court for Allegany County. The trial of the cases there resulted in an affirmance of the judgments. An appeal to this Court was then entered in each case.

The suits were resisted on the ground of the alleged unconstitutionality of an amendment to the charter of Frostburg, by which the ordinance imposing the license fees in dispute was authorized. The contention was that the title of chapter 88 of the Acts of 1902, which conferred that power upon the municipality, was not in conformity with the requirements of section 29 of article 3 of the Constitution. The sufficiency of the title, which described the act as one repealing and re-enacting with amendments certain sections of article 1 of the Code of Public Local Laws, relating to the town of Frostburg in Allegany County, is fully sustained by the decisions of this Court. *Kingan Packing Assn.* v. *Lloyd,* 110 Md. 625; *Worcester County* v. *School Commissioners,* 113 Md. 309; *Ruggles* v. *State,* 120 Md. 564; *Key* v. *Key,* 134 Md. 421; *Anne Arundel County* v. *United Rys. Co.,* 109 Md. 387.

But the conclusion of the circuit court in favor of the constitutionality of the statute is not reviewable on these appeals. That court undoubtedly had jurisdiction to determine the question. The defense interposed was not jurisdictional. It simply raised a constitutional question, which the defendant was entitled to have adjudicated by the circuit court on appeal from the judgments rendered by the justice

of the peace, and his appeal to that tribunal was for the purpose of invoking the authority, which it clearly possessed, to decide as to the validity of the statute in controversy. There being no further appeal provided by law in such cases, the judgments of affirmance entered by the circuit court are final and binding as between the parties to this litigation. The decisions to that effect are clear and conclusive. *Rayner* v. *State,* 52 Md. 368; *Judefind* v. *State,* 78 Md. 510; *Messick* v. *State,* 82 Md. 583; *Roth* v. *State,* 89 Md. 524; *New York Mining Co.* v. *Midland Co.,* 99 Md. 512; *Arnsperger* v. *Crawford,* 101 Md. 247; *Josselson* v. *Sonneborn,* 110 Md. 546; *Smith Premier Co.* v. *Westcott,* 112 Md. 146; *Hendrick* v. *State,* 115 Md. 552; *Matthews* v. *Whiteford,* 119 Md. 122; *Wilmer* v. *Mitchell,* 122 Md. 299; *Stephens* v. *Crisfield,* 122 Md. 190; *Charles County* v. *Wilmer,* 131 Md. 175.

*Appeal dismissed, with costs.*