MONTGOMERY WARD & CO. *v.* HERRMANN

[No. 143, October Term, 1947.]

406

*Decided April 23, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Charles Markell, Jr.,* with whom were *Cook, Warnken, Veazey & Markell* on the brief, for the appellant.

*John O. Herrmann* and *Thomas H. Hedrick,* with whom was *Jacob S. New* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This is a suit for damages instituted in the People's Court of Baltimore City by John O. Herrmann, Jr., an infant, by his father and next friend, John O. Herrmann, Sr., against Montgomery Ward & Company. Plaintiff claimed that on September 6, 1946, when he was with his mother in defendant's store on South Monroe Street in Baltimore, one of defendant's employees, who had been showing some rugs, threw them back in such a careless and negligent manner that they struck him and caused him to fall and cut his chin, thereby injuring him and causing him great pain and suffering. On April 11, 1947, plaintiff, upon trial of the case, was awarded a judgment for the sum of $100. On May 1 defendant appealed from the judgment, but the Baltimore City Court, on motion of plaintiff before the case came to trial *de novo,* dismissed the case without prejudice, and ordered the judgment reversed without prejudice, upon payment of costs by plaintiff. From that order defendant appealed to this Court.

At common law any party to a civil suit, who felt aggrieved by the decision of the trial court for any matter of law apparent on the face of the record, could apply for a writ of error for the purpose of having the alleged error reviewed and corrected by the appellate court. The writ was issued out of the Court of Chancery and was directed to the trial court, commanding it to transmit a record of the proceedings to the appellate court. But, in order to prevent the aggrieved party from

interrupting the progress of the case, it was the established rule that no writ of error could be issued until after final judgment, although the appellate court could then correct any interlocutory rulings found erroneous on the face of the record. The writ of error is now very seldom used in our practice, since the statutory right of appeal is a more convenient and less expensive mode of procedure. *Ringgold's Case*, 1 Bland 5, 8; 2 *Poe, Pleading and Practice*, 5th Ed., sec. 820. Our statute provides that any party may appeal to the Court of Appeals from any judgment or determination of any court of law in any civil suit or action or in any prosecution for the recovery of any penalty, fine or damages. Code 1939, art. 5, sec. 2. It has been held that no appeal lies in any case in which a writ of error would not lie, except by express provision of statute. *Savage Mfg. Co. v. Owings*, 3 Gill 497.

It has long been the established rule that where the Circuit Court for any County or the Baltimore City Court, as the case may be, determines a case on appeal from a justice of the peace under statutory authority, its judgment is final and conclusive, and not subject to review by the Court of Appeals unless expressly authorized by statute. *State v. Bogue*, 5 Md. 352; *Judefind v. State*, 78 Md. 510, 28 A. 405, 22 *A. L. R.* 721; *Wilmer v. Mitchell*, 122 Md. 299, 302, 89 A. 612; *Todd v. Frostburg*, 141 Md. 693, 119 A. 696; *Owens v. Wilmer*, 131 Md. 175, 101 A. 686. Where, however, the Circuit Court or the Baltimore City Court has heard the case without jurisdiction, an appeal may be taken to reverse the judgment unwarrantably rendered. *Hough v. Kelsey*, 19 Md. 451; *Mears v. Remare*, 33 Md. 246; *Randle v. Sutton*, 43 Md. 64; *Cole v. Hynes*, 46 Md. 181; *Rayner v. State*, 52 Md. 368, 374; *Matthews v. Whiteford*, 119 Md. 122, 85 A. 1040; *Stephens v. Crisfield*, 122 Md. 190, 89 A. 429; *Lambros v. Brown*, 184 Md. 350, 353, 41 A. 2d 78.

The statute authorizing appeals from justices of the peace provides: "Any party aggrieved thereby may

appeal from any judgment of a justice of the peace to the circuit court for the county, or the Baltimore City court, as the case may be, at any time within sixty days from the rendition of such judgment; and the court to which such appeal is taken shall hear the case *de novo* and determine the same according to law, and the equity and right of the matter; * * *." Laws of 1872, ch. 182; Code 1939, art. 5, sec. 93. We accordingly hold that a case on appeal from a judgment of the People's Court is tried *de novo* in the Baltimore City Court, and the case is decided as if no judgment had been rendered in the People's Court, regardless of which party may have taken the appeal. Compare *Zitzer v. Jones,* 48 Md. 115.

In the case before us it is contended that the Baltimore City Court had no power to reverse the judgment of the People's Court without prejudice without having a trial. But it was definitely held by this Court in 1861 in the opinion delivered by Judge Bartol in *Borden Mining Co. v. Barry,* 17 Md. 419, 429, that it is competent for the plaintiff in a case which has been appealed to the Circuit Court from a judgment of a justice of the peace "to abandon his suit or to suffer *non pros* as in an original action, leaving himself at liberty to institute a new suit for the same claim." We reaffirm the rule, in accordance with the prevailing view in other States, that where a defendant appeals from an adverse judgment to a court in which the case is tried *de novo,* the plaintiff has the same right to take a non-suit and dismiss his suit as if the action had been originally commenced in the appellate court. *Moreland v. Gordner,* 109 Pa. 116; *Shadrack v. Milam,* 6 J. J. Marsh, Ky., 608; *Mundt v. Cooke-Rutledge Coal Co.,* 118 Ill. App. 124; *Fallman v. Gilman,* 1 Minn. 179; 89 *A. L. R.* 108, 109.

The Court of Appeals based the rule in the Borden Mining Company case upon the mandate of the statute that the Court, to which an appeal is taken, shall hear the case *de novo.* But appellant earnestly contends that the rule was rescinded by the Legislature in 1904, when

it re-enacted Section 97 of Article 5 of the Code, title "Appeals and Errors," Sub-title "Appeals from Justices of the Peace." That section, as re-enacted in 1904, provided that if the summons shall be returned "summoned," and the papers shall have been filed ten days previous to the commencement of the next term of court, the case shall stand for trial at the first term, but if the papers are not filed within that time the case shall not stand for trial until the second term. Appellant relies on the provision which followed: "and if, when said case is called for trial, the appellant is not ready to prosecute his appeal, the court, instead of hearing the case *de novo*, shall affirm the judgment of the justice of the peace, with costs against the appellant." Laws of 1904, ch. 662, Code 1939, art. 5, sec. 97. Appellant insists that, since the Baltimore City Court was granted express power to affirm a judgment of the People's Court without a trial, the Legislature intended to take away the power to reverse a judgment without a trial. But the Legislature did not express such an intention either expressly or by implication. If the Legislature had wanted to rescind the rule announced by this Court, it could have done so in unmistakable language. Appellant's argument, even if it had merit in application to a case dismissed between 1904 and 1945, is not tenable now, because in 1945 Section 97 was again re-enacted, and the provision relied upon by appellant was omitted. Laws of 1945, ch. 764, Code Supp. 1947, art. 5, sec. 97.

Nor do we find anything in the Baltimore City Charter to indicate that the Legislature intended to rescind the rule laid down by this Court. The instant case was governed by Section 716P of Article 4 of the Code of Public Local Laws of Maryland, as added to the Baltimore City Charter, 1938 Edition, by Chapter 969 of the Laws of 1943, which prescribes the jurisdiction of the Judges of the People's Court of Baltimore City. Section 716P provides: "Except as to cases in which a shorter time is fixed by this Act, or by an Act of the General Assembly

or by the Charter of Baltimore City, any party aggrieved thereby may appeal from any judgment or final order of the People's Court to the Baltimore City Court at any time within 30 days from the rendition of such judgment or order and the Baltimore City Court shall hear the case *de novo* and determine the same according to law, and the equity and right of the matter; * * *."

It is undisputed that this case was within the original jurisdiction of the People's Court of Baltimore City, and the appellate jurisdiction of the Baltimore City Court. The contention of defendant is that the order of the Baltimore City Court reversing the judgment of the People's Court without prejudice was erroneous and unlawful. It is well settled that a Court, to which the Legislature has granted appellate jurisdiction, has the authority to decide whether such jurisdiction is properly exercised, and the Court of Appeals will not pass upon alleged abuse of such discretion of the Baltimore City Court in an appeal from the People's Court. *Hough v. Kelsey*, 19 Md. 451, 457; *Lambros v. Brown*, 184 Md. 350, 354, 41 A. 2d 78. It is only when the jurisdiction of the People's Court or the Baltimore City Court is in question that any appeal lies here. We find in this case no lack of jurisdiction in either of those Courts.

*Appeal dismissed, with costs.*