(Decided 14th June, 1876.)

---

## DEXTER S. COOK and CLARINDA R. COOK *vs.* JOHN A. J. CRESWELL, Trustee.

*Landlord and Tenant—Agency—Sufficiency of Notice to quit.*

A tenant will not be permitted to dispute the title of his landlord, and most especially where he has entered by virtue of his tenancy, and occupied the premises for the full term of his renting without molestation or eviction.

Where land is rented to the husband as agent for his wife, and the wife recognizes his agency, and adopts and acts upon a change as to the commencement of the tenancy, she is estopped from insisting that she never surrendered the term which under the first renting commenced at a different period.

Where the tenant entered on the day of the commencement of her tenancy, and was never disturbed in her occupancy of the premises, but held possession for a number of years, and was so satisfied with her tenancy as to be anxious to retain it, it was HELD :

That she will not be permitted in an action of ejectment brought to dispossess her, to set up the objection that there was no proof of the surrender of the terms of former tenants who had rented from year to year the property in question, before she rented it through the agency of her husband.

Cook *vs.* Creswell, Trustee.

The wife, C. R. C. and her husband, D. S. C., were in possession of the premises by virtue of a renting from year to year, she as tenant, and he, as her husband and general agent, the term of their holding commencing after the year 1866, on the 1st day of January.  On the 30th of May, 1871, a notice to quit "the premises and store-house which you now hold of me as tenant, at the end of the year of *your* tenancy, which shall expire on the first day of January next," addressed to Mr. C. R. C. was left upon the premises with D. S. C., the husband, and not served upon the wife.  HELD:

1st. That the notice was in ample time.

2nd. That a notice to quit will be held good if upon the whole it is intelligible and so certain that the tenant cannot reasonably misunderstand it.

3rd. That an obvious mistake in some part will not invalidate it, if it is otherwise so explicit that the party receiving it cannot be misled.

4th. That the delivery of the notice to D. S. C. upon the premises was a sufficient service upon his wife, C. R. C.

APPEAL from the Circuit Court for Cecil County.

This was an action of ejectment brought by the appellee against the appellants, to recover a lot of ground which the appellee under a deed of marriage settlement made in the year 1850, held in trust for Mrs. Rebecca E. Murphy, and which was leased by her under the circumstances set forth in the opinion of the Court.  The trust created by said deed of marriage settlement was, in the first place for the sole and separate use of the said Rebecca E. Murphy, (then Creswell) during her natural life "so that she the said Rebecca E. Creswell, whether covert or not, and such person or persons as she may appoint (such appointment to be in writing under her hand and seal, in the presence of two or more credible witnesses,) may rent, hire or farm out during her natural life, or any portion thereof, the said land and personal property, and receive the rents, wages and profits thereof, and give receipts therefor, * * * * * and either in her own name or the name of the said John A. J. Creswell to take, pursue, adopt and enforce such remedy as may be authorized by law for the recovery of such rents, wages and profits when in arrear, which re-

ceipts of the said Rebecca E. Creswell, signed with her own proper hand (notwithstanding such her intended coverture) and of such person or persons so by her to be appointed to receive the same as aforesaid, shall from time to time, and at all time during her natural life, be good and sufficient discharges as well to the trustee aforesaid, his executors, administrators and assigns, as also to all and every person or persons who is, are or shall be liable to pay the same, or any part thereof, for so much thereof, as shall be by her or them thereby acknowledged to be received, and upon the further trust," &c. * * * *

"Provided always, and it is hereby expressly agreed and declared by and between all and every of the parties to these presents, that it shall and may be lawful for though not absolutely obligatory upon the said John A J. Creswell, his heirs, executors, administrators or assigns, at the request and by and with the consent and approbation of the said Rebecca E. Creswell, notwithstanding her intended coverture, and whether covert or not (the right to make such request, and give such assent and approbation, whether she be covert or discovert, being thereby reserved by the said Rebecca E. Creswell) and not otherwise, such consent and request to be testified in writing, executed under her hand and seal, in the presence of two or more credible witnesses at any time during the said intended coverture or afterwards, to sell and convey or to mortgage for the payment of the debts of the said Rebecca E. Creswell, now existing, the said land and personal property or any part thereof, or the wood and timber thereon growing and being, and to make and execute leases for any number of years, on the same or any part thereof, and the rents to be reserved on such leases, to be received and held by the said John A. J. Creswell during the life-time of the said Rebecca E. Creswell, upon the same trust, and for the same uses, and subject to the same limitations as hereinbefore created and limited in

regard to said land and personal property, and subject to the same disposition upon the death of the said Rebecca E. Creswell, as is hereinbefore particularly mentioned and provided, in regard to the said land and personal property," &c.

The facts are further stated in the opinion of the Court.

*Exception.*—The plaintiff offered the following prayer:

That if the jury find from the evidence that the defendant Dexter S. Cook was the authorized agent for his wife, C. R. Cook, and as such leased from Mrs. R. E. Murphy the store-house mentioned in the declaration for the term of one year, commencing on the 15th of November, 1861, and as such agent of his wife occupied said store-house and carried on business therein for and in the name of said C. R. Cook during said term, and as such agent continued to hold the lease from year to year until the 1st January, 1867, and on the 14th of January, 1867, it was agreed by and between the said R. E. Murphy and the said D. S. Cook, in the name and acting as the authorized agent of his wife, to change the terms of the tenancy so as to make the year terminate on the first of January thereafter, and that the said C. R. Cook assented thereto, and occupied said premises in pursuance thereof, and that the said D. S. Cook for and in the name of said C. R. Cook, and as her authorized agent, continued to hold said premises until the 30th of May, 1871, when said R. E. Murphy caused to be served on him in said store-house the notice to quit of that date, offered in evidence by the plaintiff, more than a half year before the end of the then current year of the tenancy, that then the jury must find that said tenancy was terminated by said notice; and if the jury find that defendants continued to hold said premises after the first day of January, 1872, without the consent of the said R. E. Murphy, they were then and there wrong-doers; and if the jury further find that the said R. E. Murphy being seized in fee of the premises, conveyed the

same to the plaintiff by the deed of trust offered in evidence, and that under the powers therein contained, the said R. E. Murphy leased the premises as aforesaid, that then the plaintiff is entitled to recover possession thereof, and the rental value or mesne profits of said premises during the time the defendants have held the same, from the 1st day of January, 1872, until the terminating of this suit.

And the defendants offered the seven following prayers:

1. If the jury find that prior to 1850, Mrs. Rebecca E. Murphy was seized of the property mentioned in the declaration, and that in 1850 she made, executed and delivered to the plaintiff the deed offered in evidence by the plaintiff, and that the property mentioned in the declaration is a part of the property mentioned in said deed, and that the plaintiff accepted said deed and the trusts mentioned therein, and that Rebecca E. Murphy, under the power reserved to her in said deed, leased the property mentioned in the declaration to Clarinda R. Cook, and that said tenant entered into possession of said leased premises on the 15th day of November, 1861, and has held possession of the same as tenant continuously from said time to the bringing of this suit, that then there has been no notice proved in this case legally sufficient to determine the tenancy of Clarinda R. Cook, and the plaintiff is not entitled to recover.

2. If the jury find that prior to 1850, Mrs. Murphy was seized of the property mentioned in the declaration, and that in 1850 she made, executed and delivered to the plaintiff the deed offered in evidence by the plaintiff, and the property mentioned in the declaration is a part of the property mentioned in the said deed, and that the plaintiff accepted said deed and the trusts mentioned therein, and that Mrs. Murphy, under the power reserved to her in said deed, leased the property mentioned in the declaration to Mrs. Clarinda R. Cook, and that Mrs. Cook entered into

possession of said leased premises on the 15th day of November, 1861, and has held possession of the same as a tenant from year to year continuously, from the creation of the said term to the bringing of this suit; and shall further find that upon the second day of January, 1872, Mrs. Murphy levied a distress warrant upon the property of Mrs. Cook, then upon the said leased premises, for rent due to her from said tenant, accruing between the 15th day of November, 1871, and the 1st of January, 1872, that then even if the jury believe that Mrs. Murphy had, six months prior to the 15th November, 1871, given a notice to quit, legally sufficient to determine the tenancy of Mrs. Cook in November, 1871, the levying of said warrant of distress operated in law as a waiver of said notice, and the plaintiff is not entitled to recover.

3. If the jury find the facts mentioned in the defendants' first prayer, and shall further find that Mrs. Cook, under the lease from Mrs. Murphy, was the tenant from year to year of the premises mentioned in the declaration, that then, before the plaintiff is entitled to recover in this action, he must show that Mrs. Cook has been served with a six months notice to quit prior to the expiration of a current year, and that no such notice is proved to have been legally served upon Mrs. Clarinda R. Cook in this case.

4. If the jury find the facts stated in the defendants' first prayer, and further find that Mrs. Cook, from her entry, up to the bringing of this suit, held as tenant from year to year of the said leased premises, and that at the time of her said entry into possession and the creation of the said tenancy, there was no stipulation as to the time of the commencement of the said term, or of its determination, that then there is the service of no notice to quit proved in this case, legally sufficient to determine the tenancy of Mrs. Cook, and the plaintiff is not entitled to recover.

5. If the jury find the facts stated in the defendants' first prayer, and further find that Mrs. Cook, from her

entry, up to the bringing of this suit, held as tenant from year to year of the said leased premises, and that at the time of her said entry, it was stipulated that the term created should be a yearly tenancy, and that the tenant should hold from the 15th November, 1861, that then there is a service of no notice to quit proved in this case, legally sufficient to determine the tenancy of Mrs. Cook, and the plaintiff is not entitled to recover.

6. If the jury find that prior to 1850, Mrs. Murphy was seized of the property mentioned in the declaration, and that in 1850, she made, executed and delivered to the plaintiff the deed offered in evidence by the plaintiff, and that the property mentioned in the declaration is a part of the property mentioned in said deed, and that the plaintiff accepted said deed and the trusts mentioned therein, and that Mrs. Murphy, under the power reserved to her in said deed, leased the property mentioned in the declaration to Snyder and Grubb, who paid rent to Mrs. Murphy by the quarter, and were tenants from quarter to quarter, that then there is no evidence in this case of the determination of their term, and the plaintiff is not entitled to recover.

7. If the jury find that prior to 1850, Mrs. Murphy was seized of the property mentioned in the declaration, and that in 1850, she made, executed and delivered to the plaintiff, the deed offered in evidence by the plaintiff, and that the property mentioned in the declaration is a part of the property mentioned in said deed, and that the plaintiff accepted said deed and the trusts therein mentioned, and that Mrs. Murphy, under the power reserved to her in said deed, leased the property mentioned in said declaration to Joseph W. Abrahams, as a tenant, from year to year, that then there is no evidence in this case of the determination of his term, and the plaintiff is not entitled to recover.

The defendants specially excepted to the plaintiff's prayer for the following reasons:

1st. Because said instruction assumes the service of the notice to quit upon Mrs. Clarinda R. Cook as a question of law to be decided by the Court upon the facts hypothetically therein stated to be found by the jury; and also assumes as matter of law that the service of the notice of the 30th May, 1871, upon D. S. Cook, was a sufficient notice and a sufficient service thereof, and leaves no question to the jury as to whether Mrs. C. R. Cook was misled.

2nd. Because said instruction leaves the question of acceptance by the tenant of a new lease, or a new estate created by a lease, to the jury, when there was no legally sufficient evidence of such acceptance before them.

3rd. Because there was no legally sufficient evidence before the jury, that the new agreement amounted to a new lease, or that Mrs. C. R. Cook ever assented thereto.

4th. Because the said instruction assumes that the new agreement alleged to have been made by Dexter S. Cook, on the 14th of January, 1867, amounted to a lease, and also assumes that it was to take effect *in presenti*.

5th. Because there was no legally sufficient evidence before the jury that the new agreement alleged to have been made on the 14th of January, 1867, was made in the name of C. R. Cook.

6th. Because said instruction assumes, that a mere assent to a new lease by a tenant in possession under an old lease is equivalent to an acceptance of an old estate, and sufficient of its own force to work a surrender of the old lease by operation of law; and also assumes, that the leases to Abrahams, and to Barry, and to Miller, and to Snyder and Grubb were surrendered.

7th. Because said instruction assumes, that a notice, if given in her own name by R. E. Murphy without authority from the plaintiff, would of itself, without more, be sufficient to terminate the lease made to C. R. Cook by R. E. Murphy, under the power reserved to said R. E. Murphy in her deed to the plaintiff, of 9th of November, 1850.

8th. Because there was no legally sufficient evidence before jury to prove that Dexter S. Cook was authorized to make the agreement alleged to have been made with R. E. Murphy, on the 14th January, 1867, or to do any act by which the said original lease to Clarinda R. Cook would or might be surrendered.

The Court (WICKES and STUMP, J.,) granted the plaintiff's prayer, as also the second prayer of the defendants, but rejected the defendants' other prayers, and overruled their special exceptions to the plaintiff's prayer. The defendants excepted. The jury rendered a verdict for the plaintiff and judgment was entered accordingly. The defendants appealed.

The cause was argued before BARTOL, C. J., BRENT, ALVEY and ROBINSON, J.

*Albert Constable,* for the appellants.

The deed of 1850, by Mrs. R. E. Murphy, to the plaintiff, having divested her of the entire legal estate in the premises, and vested it in him; the tenants of the leases created by Mrs. Murphy under the power reserved to her in the deed, were his tenants and not hers; and he being landlord, was consequently alone entitled to give notice to terminate such tenancies. "It is a maxim in law, that the rent must be reserved to him from whom the estate of the land moveth, and not to a stranger." *Coke Littleton,* 143 *b.* Reservation of rent is void, unless the lessor hath a reversion. *Littleton, sec.* 215.

In *Cole on Ejectment, on page* 44, it is stated: "A notice to quit given by an agent, should purport to be given in the name and on behalf of the principal."

If Mrs. Murphy can be considered the trustee's agent for the purpose of giving notice, the notice in this case is insufficient; first, because in the words of Lord DENMAN, "the notice is in her own name, and not in that of

her principal; and secondly, because no authority from him was proved." *Doe vs. Goldwin,* 2 *Q. B.*, 146 ; *Cole on Ejectment*, 44.

The defendants' sixth and seventh prayers ought to have been granted, because there was no evidence before the jury that the leases to Abrahams, and to Barry, and to Snyder and Grubb, had been surrendered. There was no act proved to have been done by any of those tenants which would have discharged them from the payment of rent. It is not sufficient that an act be done by the lessor, but an act must be done by the *lessee* to work a surrender by act and operation of law. *Graham vs. Whichelo,* 1 *C. & M.,* 187 ; *Reeve vs. Bird,* 1 *C. M. & R.,* 35, and note ; *Lyon vs. Reed,* 13 *M. & W.,* 285 ; *Hamerton vs. Stead,* 3 *B. & C.,* 478 ; *Johnstone vs. Hudlestone,* 4 *B. & C.,* 922 ; *Doe vs. Johnstone,* 1 *McCleland & Younge,* 141 ; 1 *Wms. Saunders,* 236 *a, note* 9.

In *Lyon vs. Reed,* 13 *M. & W.,* 307, PARKE, B., says : "But in all these cases, it is to be observed, the owner of the particular estate, by granting or accepting an estate or interest, *is a party to the act,* which operates as a surrender. *That he agrees to an act done by the reversioner is not sufficient.*" But in this case, neither Abrahams nor Barry, nor Snyder and Grubb are shown even to have agreed to the granting of the lease to Mrs. C. R. Cook. Barry and Snyder and Grubb, are not shown to have even known it.

Whether the tenancy was from the 1st of January or the 15th of November, the notices offered in evidence were insufficient to terminate *either* tenancy. It will not be denied by us, that a notice wrongly directed but *served* upon the proper parties is sufficient, provided it be put to the jury, to find that tenant was not misled, or even if such notice be merely left at the tenant's dwelling house *for him* in the hands of his servant, (provided that if wrongly directed the question be put to the jury whether the tenant

was misled by the direction.) But in this case there was present every error which it would seem possible to inject into so simple a transaction.

1st. It was *directed* to the wrong person.

2nd. It was *intended* for the wrong person.

3rd. It was *served* on the wrong person.

4th. There was no designation of the premises except as "the premises, store-house which you hold of me as tenant."

In *Doe vs. Mitchell,* 1 *Jur.,* 795, the notice was served upon Thomas Mitchell, the servant of John Mitchell, and although the latter acknowledged having seen it and referred to the mistake, it was held insufficient. See the cases of *Doe vs. Wrightman,* 4 *Espinasse,* 5 ; *Doe vs. Lucas,* 5 *Espinasse,* 153.

*Henry W. Archer,* for the appellee.

The reservation in the deed is ample authority for Mrs. Murphy not only to rent from year to year but in all respects to deal with the lessees as her tenants, and especially to terminate the tenancy by notice as any other landlord. *Isaac and Wife's Lessee vs. Clarke,* 2 *Gill,* 1 ; *Funk's Lessee vs. Kincaid,* 5 *Md.,* 404 ; *Willison vs. Watkins,* 3 *Peters,* 43 ; *Lucas vs. Brooks,* 18 *Wall.,* 436 ; 2 *Cooley's Black. Com.,* 144, *n.* 8, and cases there cited ; *Taylor's Landlord and Tenant, sections* 629 and 705-6-7.

The tenant cannot show that his lessor had only an equitable title, or a mere power of leasing with the legal title in trustees, or that the title was probably defective. *Blake vs. Foster,* 8 *T. R.,* 487 ; *Driver vs. Lawrence,* 2 *W. Bl.,* 1259.

Mrs. Murphy acts by virtue of the power and the deed creating the power, and not as agent of the trustee in whom was vested the legal title ; and hence the notice was properly in her own name. But if an authority from the trustee to give the notice were needed, such an authority sufficiently appears in the deed.

Cook *vs.* Creswell, Trustee.

The Court properly rejected the appellants' sixth and seventh prayers for the reason that having accepted a lease under Mrs. Murphy, they were estopped from setting up any outstanding title at the time of the demise, if any there were, to defeat her recovery of rent, or of the possession upon due notice for the termination of the lease. It follows that they had no right to ask that the question of a surrender of the leases of Abrahams, or Barry, or Snyder and Grubb, should be left to the jury as a matter of fact.

In the light of the proof there can be no doubt of the general agency of Cook, nor of his right and authority to bind his principal as well by the change of the tenancy so as to make the year begin on another day, as by the original lease.

Under the deed of trust it is plain that Mrs. Murphy, from and after the marriage, took an equitable estate for life as her separate property, with power to rent during her natural life, or any portion thereof, and to collect and receive the rents, wages and profits. That a married woman may make a valid lease under a power, cannot now be doubted. It is also accepted doctrine that a married woman who has property settled to her separate use, without any restraint or alienation, is deemed in equity to be a *féme sole,* and may dispose of the property accordingly. 1 *Sugden on Powers, chap.* 4, *sec.* 1, *marginal page* 184 ; 1 *Wash. on Real Pro.,* 305 ; *Smith's Lan. and Ten.,* 48 ; 1 *Platt on Leases,* 48 ; *Taylor on Land. and Ten., sec.* 101.

The notice to quit is in all respects correct as to form. *Doe dem. Cox, et al.,* 4 *Espin.,* 185 ; *Clark vs. Keliber,* 107 *Mass.,* 406 ; *Doe vs. Spiller,* 6 *Esp.,* 70 ; *Jones vs. Marsh,* 4 *T. R.,* 464 ; *Blish vs. Harlow,* 15 *Gray,* 316 ; *Walker vs. Sharpe,* 103 *Mass.,* 154 ; 2 *Greenl. on Ev.,* (10th *Ed.,*) sec. 324 ; *Taylor's Land. & Ten.,* (6th *Ed.,*) sec. 483.

If the tenant was misled by the notice, it was incumbent on her to make that fact appear by proof; and in the

Cook *vs.* Creswell, Trustee.

absence of all such proof, there was nothing to submit to the jury except the service of the notice in proper time.

The only misleading that has been suggested, was in regard to the sex of the tenant, and the only person misled was Mrs. Murphy. She through her transactions with the agent of the tenant, was lead to believe, that her tenant, C. R. Cook, was a Mr. instead of a Mrs., and gave the notice accordingly, but there was no ground for even a plausible pretence that either Mr. or Mrs. Cook was mislead thereby.

Brent, J., delivered the opinion of the Court.

The power reserved in the deed of marriage settlement from Thomas A. Murphy and Rebecca E. Creswell, to John A. J. Creswell is very full and explicit, and the terms in which it is set out so clear, that it would seem there could be no doubt of the authority of Mrs. Murphy, formerly Rebecca E. Creswell, to rent the premises involved in this action. And upon the authorities cited we should have no difficulty in reaching that conclusion, if this was a case in which that question could be raised by the appellants.

A tenant will not be permitted to dispute the title of his landlord, and this most especially where he has entered by virtue of his tenancy, and occupied the premises for the full term of his renting without molestation or eviction. These appellants rented the property in question from Mrs. Murphy, and continued to occupy it from 1861 to 1872, recognizing her as the person from whom they rented, by repeated settlements, and the payment of rent to her. The contract of renting seems to have been made by her with D. S. Cook in 1871, who did not disclose, at the time, that he was acting as the agent of his wife, C. R. Cook. But certain it is, that by virtue of that renting they entered upon, and occupied the property. If she is to be regarded as the occupant, the proof of repeated settlements shows that she recognized the agency of D. S. Cook,

Cook vs. Creswell, Trustee.

and afterwards treated Mrs. Murphy as her landlady,—crediting her store accounts by the amount of rent, agreed upon with D. S. Cook, and taking the note of Mrs. Murphy for the balance due her, whenever her store account against Mrs. Murphy exceeded the amount of the yearly rent.

The renting was from year to year, and by the first contract, commenced on the 15th of November, 1861, running for a period of one year from that date. This continued until the 14th of January, 1867, when a settlement of the rent of previous years to the 1st of January, 1867, and also of the store accounts of C. R. Cook was had between D. S. Cook and Mrs. Murphy. It was then agreed between them, that the annual renting, instead of commencing on the 15th of November, should commence on the 1st day of January—the change being made at the solicitation of D. S. Cook. This change was also adopted and acted upon by Mrs. Cook. In the settlement of the 14th of January, 1867, in which rent was charged to the 1st of January, 1867, Mrs. Murphy seems to have fallen in debt, upon the excess of Mrs. Cook's store account over the rents, in the sum of $106.80, for which she gave her note at ninety days to Mrs. Cook, by the name of C. R. Cook. This note endorsed by C. R. Cook was discounted in the Cecil National Bank, and paid at maturity by Mrs. Murphy. A settlement was made on the 31st of December, 1867, for the rent of 1867, when again the store account of C. R. Cook with Mrs. Murphy, was credited " by one year's rent to 1st January, '68," and so also with the rent of 1869 and 1870. This uncontradicted proof shows that the renting which first commenced on the 15th November, was afterwards changed with the assent of Mrs. Cook, so as to commence on the 1st of January, and Mrs. Cook thereby became the tenant of Mrs. Murphy, at a renting from year to year to commence on the 1st of January in each year.

Cook *vs.* Creswell, Trustee.

Although Mrs. Murphy seems to have believed she was renting to the husband, who did not disclose his agency, yet as it appears he was in fact the agent of his wife, it is conceded that she is to be regarded and treated as the tenant.

As she recognized the agency of D. S. Cook, and adopted and acted upon the change as to the commencement of the tenancy in 1867, she is now estopped from claiming or insisting that she never surrendered the term, which, under the first renting commenced in November.

Nor will she be permitted, upon the facts in this case, to set up the objection that there is no proof of the surrender of the terms of former tenants, who had rented from year to year the property in question, before she rented it through the agency of her husband. It is not pretended that she did not enter on the day of the commencement of her tenancy, or that she was ever disturbed in her occupancy of the premises. On the contrary, she and her husband have been in possession since the 15th of November, 1861, and so satisfied are they with their possession, that they seem most anxious to retain it.

We have concluded from an examination of all the proof, that C. R. Cook and her husband were in possession by virtue of a renting from year to year from Mrs. Murphy—she as tenant, and he as husband and general agent of his wife, C. R. Cook. The term of their holding was from year to year, commencing after 1866, on the first day of January.

Have they had a sufficient notice from Mrs. Murphy, that their tenancy was to terminate on the first day of January, 1872?

On the 30th of May, 1871, the following notice was served by Wm. Heald, on D. S. Cook, the husband and agent, and left with him upon the premises:

" Mr. C. R. Cook.—As I am desirous to have again and re-possess the premises and store-house, which you now hold

of me as tenant, I hereby give you notice to remove from and quit the same at the end of the year of your tenancy, which shall expire on the first day of January next—Dated Port Deposit, this 30th day of May, 1871.

Rebecca E. Murphy.''

As we have already seen, that this was a tenancy from year to year running from January to January, the notice is in ample time.    But it is objected to it, that it is addressed to *Mr.* and not to *Mrs.* C. R. Cook, and that it was not served upon Mrs. Cook,— the proof being that it was left upon the premises with D. S. Cook her husband.

A notice to quit will be held good, if upon the whole it is intelligible, and so certain that the tenant cannot reasonably misunderstand it.    An obvious mistake in some part will not invalidate it, if it is otherwise so explicit that the party receiving it cannot be misled.    In 2 *Greenl.* *on Ev.,* sec. 323, it is stated, '' A misdescription of the premises, or a misstatement of dates which cannot mislead, will not vitiate the notice; nor need it be directed to the person.    Even if directed by a wrong name, yet if he keeps it without objection the error is waived.''    See *Doe ex dem. Cox, et al.,* 4 *Esp.,* 185 ; *Doe ex dem. Matthewson vs. Wrightman,* 4 *Esp.,* 5 ; *Doe vs. Spiller,* 6 *Esp.,* 70 ; *Doe vs. Kightley,* 7 *T. R.,* 63.    In *Clark vs. Keliher,* 107 *Mass.,* 406, the notice was addressed to John Clark, whose true name was Thomas B. Clark.    Ames, J., in considering this mistake, uses the following language :   '' The notice to quit was sufficient and lawful, both in substance and in the mode of service.    There was no uncertainty as to the party from whom it emanated or the tenement to which it applied, and there could have been no doubt it was meant for the family who occupied that tenement.    The mistake in the Christian name of the tenant was therefore of no importance.''    Applying this doctrine to the case before us there can be no doubt of the sufficiency of the notice.    The party from whom it emanated was the

Cook *vs.* Creswell, Trustee.

person from whom the premises had been rented, the premises are described with certainty, and neither Cook nor his wife could have doubted that the notice was intended for the tenant "who occupied that tenement."

We are also satisfied that the delivery of the notice to D. S. Cook upon the premises, was a sufficient service upon his wife C. R. Cook. He was not only her husband, but her agent, especially in the renting of the premises in question. He was in the house occupied by her as tenant, when the notice was delivered to him. In 2 *Greenl., sec.* 324, the author says, "*service of notice* at the dwelling house of the party is sufficient, whether upon the party in person, or his wife or his servant." *In Walker vs. Sharpe*, 103 *Mass.*, 154, GRAY, J., upon an examination of the English cases, holds it to be well settled in England, that delivering a notice on the premises to the wife or agent of the tenant, or any other person occupying the same jointly with or under him, is a sufficient service. If the delivering of a notice to the wife is a service upon the husband, the same principle must be held to apply *vice versa*, where the wife is the acknowledged tenant, and that especially where the husband is her authorized agent and is occupying the premises jointly with her, as was the case in this instance.

It follows, from these views of the law as applicable to this case, that the instruction asked for by the plaintiff was properly granted, and those on the part of the defendants, except the second which was granted, were properly rejected. It also follows that the special objections to the plaintiff's prayer were properly overruled.

*Judgment affirmed.*

(Decided 14th June, 1876.)