## WILLIAM H. BENTON *vs.* NELLIE E. STOKES.

*Landlord and Tenant—Notice to Quit and Petition for Restitution Need Not Be Signed by Landlord in Person—Authority of Agent to Give Notice to Tenant—Appeal.*

Code, Art. 53, Sec. 1, provides that when a landlord shall desire to re-possess the demised premises after the expiration of the lease, and shall give notice in writing one month before the expiration of the term to the tenant to remove from the premises at the end of the term, if the tenant shall refuse to comply therewith, then the lessor may make complaint thereof in writing to a Justice of the Peace, who may order restitution and summons, etc. In this case, the notice to quit served on the tenant was signed by the agent of the landlord, who had leased the premises to the tenant, and the petition to the Justice of the Peace for a summons and order of restitution was signed by a lawyer as attorney for the landlord. *Held,* that the statute does not require either of these instruments to be signed by the landlord in person; that the notice to quit and the petition for the order of restitution were both sufficient, and that the Justice of the Peace had jurisdiction of the proceedings.

A notice to quit given by a landlord to a tenant is sufficient if it be so certain that the tenant cannot reasonably misunderstand it. An obvious mistake in some part does not invalidate the notice.

When an agent has authority to rent certain premises for the owner it will be presumed that he is authorized to give the tenant notice to quit.

When a Justice of the Peace has jurisdiction of the proceedings instituted by a landlord to recover the demised premises, no appeal lies to the Court of Appeals from the action of the Circuit Court on appeal from the Justice to that Court.

*Decided December 9th, 1908.*

Appeal from the Circuit Court for Prince George's County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*T. Van Clagett,* for the appellant, submitted the cause on his brief.

*C. B. Calvert* (with whom were *Hill, Rogers & Mattingly* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Prince George's County which affirmed upon appeal the decision of a Justice of the Peace awarding restitution of certain demised premises to the appellee as landlord. The proceeding before the Justice had been taken, by the appellee against the appellant as her tenant, under the provisions of Article 53 of the Code relating to tenants holding over.

At the trial of the case in the Circuit Court the appellant moved to quash the proceedings for want of jurisdiction in the Justice of the Peace to entertain them but the Court overruled the motion and affirmed the judgment. The appel-

lant then appealed from the order overruling the motion to quash and from the judgment of affirmance.

The vital question presented for our determination by the record is whether the justice had jurisdiction of the proceeding instituted before him for if he had it is settled by numerous decisions of this Court that no appeal lies to us from the action of the Circuit Court upon the appeal from the justice to that tribunal. *Cole* v. *Hynes,* 46 Md. 184; *Herzberg* v. *Adams,* 39 Md. 312; *Mears* v. *Remare,* 33 Md. 250; *Darrell* v. *Biscoe,* 94 Md. 684; *Hopkins* v. *P. W. & B. R. R. Co.,* 94 Md. 257; *Roth* v. *State,* 89 Md. 524.

The material facts appearing from the record are as follows:

On July 12th, 1906, a written lease under seal for the demised premises, consisting of an improved lot of land in Hyattsville, was made between the parties to this appeal for the term of one year, to begin on July 30th, 1906, at the rent therein stipulated payable in monthly instalments, with a provision that the lease was to continue in force from term to term with the right to either party to terminate it at the end of any term "by giving at least sixty days previous notice thereof in writing." This lease recited on its face that it was made "between Rogers & Farden, Agents for Nellie E. Stokes, landlord, and Wm. H. Benton, tenant."

On May 20th, 1907, Rogers & Farden, as agents of the appellee served on the appellant a notice to quit the premises at the end of the year on July 30th midnight. This notice was in the usual form and was signed "Rogers & Farden, Agents for Nellie E. Stokes."

On September 19th, 1907, the appellant filed with Arthur Carr, a Justice of the Peace for Prince George's County, her petition alleging her ownership of the demised premises, their occupancy by the appellant as her tenant for a term which expired at midnight on July 31st, 1907, the service upon him of the notice to quit and his refusal to give up the premises. The petition concluded with a prayer for a summons against the appellant requiring him to show cause why restitution of

the premises should not be made to the petitioner. This petition although in the name of the appellee, "Nellie E. Stokes," was not signed by her but by "James C. Rogers, attorney for Nellie E. Stokes." Upon the filing of the petition summons was issued as prayed for against the appellant and he, failing to appear in response thereto, the case was adjourned for one week and then after "trial had" before the justice, the judgment for the restitution was rendered, from which the appeal to the Circuit Court was taken.

No objection is made by the appellant to the contents of the notice to quit or the petition to the justice. The two grounds, stated by him in his motion to quash the proceedings in the Circuit Court and relied on in his brief in this Court, for denying the jurisdiction of the Justice of the Peace to entertain the appellee's petition, are that neither the notice to quit nor the petition to the Justice were signed by the appellee herself and that therefore they failed to so comply with the provisions of Article 53 of the Code as to give the Justice jurisdiction.

We do not regard either one of these grounds of objection as sound. Section 1 of Article 53 of the Code provides both for giving the notice to quit and filing the petition to the Justice of the Peace. It's language is: "In all cases where any interest in real estate shall be let or leased for any definite term or at will and the lessor, his heirs, executors, administrators or assigns shall desire to repossess the same after the expiration of the term for which it was demised and shall give notice in writing one month before the expiration of said term or determination, of said will, to the tenant or the person actually in possession of the premises to remove from the same at the end of said term, and if the said tenant or person in actual possession shall refuse to comply therewith the lessor, his heirs, executors, administrators or assigns may make complaint thereof in writing to any Justice of the Peace of the county wherein such real estate is situate."

It is to be observed that this section merely authorizes the lessor to "give notice in writing" to the tenant at the time

therein mentioned and, in the event of the refusal of the tenant to comply therewith, "to make complaint thereof in writing" to the Justice without specifying the form of the notice or the method of its service or indicating the style or details of the complaint to be made to the Justice, other than to require both to be in writing. It does not in terms require, either instrument to be signed by the landlord in person. Under these circumstances it must be presumed that the Legislature intended that the notice to the tenant must be such as to clearly inform him by whom or on whose behalf it was sent, to what property it related and of what facts it was intended to inform him.

In *Cook* v. *Creswell,* 44 Md. 581, it was contended that a landlord's notice to quit, almost identical in terms with the one now before us, was bad because it was addressed to and served upon the tenant's husband instead of the tenant herself, but our predecessors held it to be good, saying in that connection: "A notice to quit will be held good if upon the whole it is intelligible and so certain that the tenant cannot reasonably misunderstand it. An obvious mistake in some part will not invalidate it, if it is otherwise so explicit that the party receiving it cannot be misled. * * * " In *Clark* v. *Keliher,* 107 Mass. 406, the notice was addressed to John Clark whose full name was Thomas B. Clark. Ames, J., in considering this mistake uses the following language: "The notice to quit was sufficient and lawful both in substance and the mode of service. There was no uncertainty as to the party from whom it emanated or the tenement to which it applied and there could have been no doubt that it was intended for the family who occupied that tenement." Upon the principles thus announced there can be no doubt of the sufficiency of the notice now under consideration.

The appellant having signed and sealed the lease of July 12th, 1906, and gone into possession of and occupied the demised premises under and by virtue of that lease is estopped from denying the truth of the recital contained on its face that Rogers and Farden were the agents of the appellee to

rent the property.   A landlord's agent having authority to rent a property is presumed to have like authority to give to the tenant a notice to quit.   24 *Cyc.* 1331; *McClung* v. *Mc-Pherson,* 47 Oregon, 73; 81 *Pac. R.* 567.   Furthermore the appellee as landlord subsequently ratified the act of her agent in making the lease and giving the notice to quit by declaring in her petition to the Justice of the Peace that she had made both of them.

It is equally clear that the signing of the petition to the Justice by the counsel of the appellee was both appropriate and sufficient.   It professed on its face to be her petition and the prayer for relief was on her behalf.   It was said in the opinion of this Court in *Weikel v. Cate,* 58 Md. 105, that the office of Justice of the Peace has never been considered a Court of law because a Court of law within the meaning of the Constitution is a Court of record, yet that office is almost as old as the common law itself.   Originally Justices of the Peace were merely conservators of the Peace but at an early day in England they were invested by statute with limited judicial powers in both civil and criminal matters.   They are classed among judicial officers by the Constitution which provides for their appointment and declares that their jurisdiction shall be the same which they theretofore exercised or should thereafter be prescribed by law.   A litigant is not required to conduct proceedings before them by counsel but it has long been a recognized method of practice to do so, and we think that the filing of her petition by the appellee over the signature of her counsel in the present case constituted a compliance with the requirements of Article 53 of the Code in that connection.

As the Justice of the Peace before whom the present proceedings were instituted had jurisdiction to entertain them the judgment of the Circuit Court affirming his decision was final and no appeal lies therefrom to this Court, and the present appeal must be dismissed.

*Appeal dismissed with costs.*