# JOSEPH WALKER

*vs.*

# SAMUEL F. KIRWAN.

*Summary Proceeding by Landlord—Review on Appeal—Notice to Quit—Giving by Vendor.*

On a summary proceeding by a landlord to recover possession, if the justice of the peace has jurisdiction thereof, the circuit court has jurisdiction on appeal from the justice, and no appeal lies from such court to the Court of Appeals.   p. 140

The complaint filed with the justice of the peace alleging that plaintiff gave proper legal notice in writing to quit, the facts that the notice appears in the record as having been filed in the circuit court on the day of trial in that court, and that the copy in the record does not bear any signature, do not raise any question for review in the Court of Appeals.          p. 141

If there was in fact no signature to the notice to quit, the tenant, desiring to raise the question of its sufficiency for the purpose of consideration by the Court of Appeals, should have the evidence certified to by the lower court.          p. 141

Although the reversion has been sold, the vendor is the person to give the notice to quit, so long as the deed has not been delivered, provided at least there is nothing in the contract of sale or the circumstances such as to authorize the purchaser to proceed.          p. 142

The circuit court having jurisdiction to decide as to the proper construction of the complaint filed with the justice of the peace, there is no appeal from its decision in this regard.

p. 143

*Decided November 17th, 1920.*

Appeal from the Circuit Court for Dorchester County (BAILEY and DUER, JJ.).

The cause was submitted on briefs to BOYD, C. J., BRIS-
COE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS,
and OFFUTT, JJ.

*Henry L. Johnson* and *V. Calvin Trice,* for the appellant.

*Andrews & Shepherd,* for the appellee.

BOYD, C. J., delivered the opinion of the court.

This is an appeal from the action of the lower Court in
overruling a motion to quash the proceedings instituted for
the restitution of the property in Cambridge, Maryland,
which was leased to the appellant by Edward S. Phillips,
who afterwards sold it to the appellee. The real question
for our consideration is whether the justice of the peace who
heard the case had jurisdiction. If he had, then the Cir-
cuit Court for Dorchester County likewise had jurisdiction
over it on appeal to it, and there is no appeal to this Court.
From the many cases to that effect, we need only cite *Ben-
ton* v. *Stokes,* 109 Md. 117, which was also a case brought
under the provisions of Article 53 of the Code for the resti-
tution of certain demised premises. Or to state it in another
way, if the Circuit Court had the right to decide what it
did decide, we cannot review its action. *Matthews* v. *White-
ford,* 119 Md. 122. In that case it was held that in review-
ing the judgment of the justice, "the Circuit Court had
power to decide upon the sufficiency of the notice to quit, and
also of the effect of the clause in the lease waiving any notice
to quit," and an appeal from the Circuit Court reversing a
judgment of a justice of the peace in a proceeding under
Article 53 was dismissed.

This case originated before James R. D. Collins, a justice
of the peace of Dorchester County. At the instance of the
attorney for the appellant, it was removed to J. Watson
Thompson, another justice of that county. No question has
been raised about the right of removal, and as each side
stated that it was done under a local law for that county, it

is not necessary for us to inquire into that. The complaint was filed with the justice in the name of the appellee on March 22, 1920. It alleges that he is the owner of the premises, that while it belonged to Edward S. Phillips it was leased to the appellant by the month, that the appellee purchased it from Phillips and wife *under contract,* on or about the 18th of September, 1919, "whereupon the said Edward S. Phillips at once gave the said Joseph H. Walker proper and legal notice in writing to remove from and quit said property. That said term of tenancy has long since expired, and the plaintiff is entitled to possession of said premises." It is also alleged that Walker refused and still refuses to remove from and quit said premises, although said term of tenancy had long since expired, and the petition then prays for a writ of summons to show cause, etc.

There is a copy of what is said to be the notice to quit in the record, which was dated September 18, 1919, and there is a memorandum at the bottom of it of service on Walker on the 19th of September, 1919. The notice states that the tenancy would expire on the 31st day of October, 1919. It is objected that the notice was fatally defective because there is no signature to it, but there is no certification of evidence in the record and nothing whatever to show that the notice served on Walker was not signed by Phillips. The complaint expressly alleges that he gave proper and legal notice in writing, and merely because the copy of the notice is marked filed in the Circuit Court on April 27th, 1920, which was the day of trial in that court, and does not appear to have a signature to it, cannot raise any question about it before us. If the appellant was of the opinion that the signature was necessary, and there was in fact no signature to the notice, he should have had the evidence certified to by the lower Court, as was done in *Josselson* v. *Sonneborn,* 110 Md. 546, 550. There is nothing in the statute requiring the notice, or a copy of it, to be filed in the Circuit Court, and there is nothing to show by whose authority this copy was

filed. The appellant may have had the original, and if it was defective, and he wanted its sufficiency passed on by the court, he could have produced it and had a ruling on it.

Nor can we have any doubt about the jurisdictional ques-tion by reason of what the complaint says in reference to the notice having been given by Phillips. It states that the appellee purchased the property *under contract,* which ap-parently meant that he had not received a deed at that time. We are not informed as to what facts were before the court, but if there was nothing more before it on the motion to quash, in reference to whether the appellee had received a deed, than there is in the record, the court would not have been justified in holding that the deed for the property had been executed and delivered when the notice to quit was given and served by Phillips. The record sufficiently implies that the deed had not been delivered when the notice was given and, if so, Phillips was the proper party to give it, unless there was something in the contract which made the appellee the landlord before the notice was given, but the contract is not before us. Without deeming it necessary to burden this opinion by the citation of many authorities, what would seem to be the correct principle of law on the subject is to be found in 18 *Am. & Eng. Ency of Law* 395, where it is said: "When the reversion is transferred, the proper per-son to give the notice is the grantee, and not the original lessor. A purchaser of the reversion cannot give the requisite notice before he has received his deed. The grantee of the reversion may take advantage of a notice to quit given by his grantor prior to the conveyance of the reversion." It is not necessary to hold that in no case can the purchaser be so regarded as the landlord as to be authorized to file the complaint, even if the deed has not actually been delivered, as possibly there may be something in the contract and some circumstances shown as would authorize him to proceed.

Under our statute "the lessor, his heirs, executors, admin-istrators or assigns may make complaint," etc., and this com-

plaint, which was not filed until March 22, 1920, was signed and filed by the appellee, who is alleged in the complaint to be the owner of the property, probably by that time having obtained his deed.

So although we have carefully considered the complaint and the copy of the notice, as they appear in this record, we do not deem it necessary to further discuss them, or either of them, and are satisfied that they were ample to confer jurisdiction on the justice and on the Circuit Court in reviewing the action of the justice. If there could be any real question about what was meant by what was said in the complaint, it was for the Circuit Court to pass on. As it had the right to decide what the proper construction of the complaint was, there was, under what was said in *Matthews* v. *Whiteford, supra,* no appeal to this Court from its decision. But in addition to that we are of opinion that the complaint was sufficient to confer jurisdiction.

*Appeal dismissed, the appellant to pay the costs.*