## GEORGE J. REHM, JR., *v.* CUMBERLAND COAL COMPANY

[No. 39, October Term, 1935.]

*Decided December 4th, 1935.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*W. Conwell Smith* and *J. Le Roy Hopkins*, with whom were *Joseph J. Rehm, Jr., W. Lester Baldwin, Webster S. Blades, T. Barton Harrington, Biscoe L. Gray,* and *Abram C. Joseph,* on the brief, for the appellant.

*G. Randolph Aiken,* for the Cumberland Coal Company, appellee.

JOHNSON, J., delivered the opinion of the Court.

At an *ex parte* trial in the People's Court of Baltimore City judgment was entered in favor of the Cumberland Coal Company against George J. Rehm, Jr., for eighteen dollars and costs, whereupon the judgment debtor filed in the Baltimore City Court his petition against the coal company and the presiding justice of the People's Court for the writ of *certiorari* in the premises, assigning as a reason therefore that the People's Court acquired no jurisdiction, because the *praecipe,* to which was attached an itemized statement of his indebtedness, was signed by a collection agency as agent of the coal company, which agency it was alleged again appeared in the People's Court on the trial date and proved the claim against him, and that its conduct amounted to the practice of law, contrary to the intent and purpose of sections 19 and 20, article 10, of the Code, and in violation of the provisions of section 626 of the Baltimore City Charter (Code Pub. Loc. Laws 1930, art. 4).

A further reason that the People's Court was without jurisdiction was assigned upon the ground that the petitioner had not been duly summoned.

The petition for the writ being granted, the proceedings in the case were certified to the judge of the Baltimore City Court, who, after considering them and hearing the parties interested in the case, and considering the authorities cited by them, granted the motion of the coal

company to quash the writ, and from this action an appeal is taken to this court.

The proceedings showed the defendant was duly summoned and, no contention in respect thereto being raised by appellant's brief or in oral argument, it is unnecessary to give further consideration to that proposition.

The substantial question presented is narrow, and involves a determination as to whether the judgment rendered in the People's Court is null and void. Section 626 of the Baltimore City Charter (1927) contains a provision that "No Justice of the Peace, in any case of debt or damages whatever, shall issue a summons except on application for the same, in writing, by the plaintiff or his attorney," etc. Code Pub. Loc. Laws 1930, art. 4, sec. 626.

Section 19 of article 10 of the Code makes it an offense punishable by fine or imprisonment for any person to receive reward for services as an attorney at law unless previously admitted to the bar, while section 20 of the same article subjects any one not entitled to practice law to a penalty of fine or imprisonment for representing himself as being entitled to practice.

Briefly stated, Rhem's contention is that the conduct of the collection agency in the People's Court of Baltimore City was violative of the spirit and intent of the above sections of the Code, the agency having no right to practice the profession of law; that the word "attorney" as used in section 626 of the Baltimore City Charter, above quoted, necessarily means "attorney at law" and, the agency not being such, the People's Court of Baltimore City acquired no jurisdiction over the debtor, and the judgment rendered is null and void.

We have been referred by appellant to a number of decisions in other states holding that the word "attorney," when used in a statute, means "attorney at law," and apparently taking the view that one who participates in the trial of causes before a justice of the peace is engaged in the practice of law, but such decisions are not persuasive in this case, when we consider that this word has

been used by the Legislature in several statutes relating to procedure before justices of the peace in Baltimore City, beginning as early as 1821. It must be presumed that in the use of the word the Legislature was fully cognizant of the fact that throughout this period it had not been accepted by the public as being synonymous with "attorney at law," and that by its continued use of the word in subsequent statutes for more than a century it acquiesced in that view.

Although under the Constitution of the State a justice of the peace is a judicial officer, his office is entirely disassociated from the idea of a "court," in the common acceptation of that term. There is no special pleading before the justice (Code, art. 52, sec. 32), and the parties litigant, in person or by agents, have a right to participate in the proceedings. Md. Const. art. 4, sec. 1; *Thomas' Procedure in Justice Cases,* sec. 2B, Authority of Attorney-at-Law; 16 *R. C. L.,* p. 330; *Weikel v. Cate,* 58 Md. 105; *Kane v. State,* 70 Md. 546, 550, 17 A. 557; *Benton v. Stokes,* 109 Md. 117, 71 A. 532; *Levin v. Hewes,* 118 Md. 624, 86 A. 233.

We are, therefore, of the opinion that the acts of the collection agency in this case did not amount to unlawful practice of law within the meaning of statutes referred to, that its conduct as agent of the coal company in the Baltimore City Court was legally permissible, and the People's Court acquired jurisdiction over the parties. The order appealed from must be affirmed.

*Order affirmed, with costs to appellee.*