**Samuel S. BANKE and Carol Banke, Plaintiffs,**

**v.**

**COMMUNITY REALTY CORPORATION; Chancery Spruell; and Carriage Hill Apartments, Defendants.**

**Civ. No. JH–80–2216.**

United States District Court, D. Maryland.

Sept. 8, 1980.

Samuel S. Banke and Carol Banke, pro se.

Russell R. Francis, Oxon Hill, Md., for defendants.

## MEMORANDUM OPINION

HOWARD, District Judge.

On September 5, 1980, the Court heard argument on the plaintiffs' motion for a preliminary injunction; this Memorandum Opinion is filed pursuant to the Court's Order of this date denying that motion.

Plaintiffs Samuel S. Banke and Carol Banke brought this housing discrimination suit under 42 U.S.C. §§ 1982 and 3601 *et seq.* Mr. and Mrs. Banke are black residents of an apartment complex managed by the defendants. Plaintiffs seek damages for the defendants' alleged racially–motivated filing of a complaint for possession of the plaintiffs' apartment. Pending resolution of the merits of their claims, the plaintiffs sought to enjoin the defendants from prosecuting their eviction action.

Requests for preliminary injunctive relief, in this circuit, are governed by *Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189 (4th Cir. 1977). *Blackwelder* requires the consideration of four factors in determining whether to grant such relief: (1) the likelihood of irreparable harm to the plaintiffs if injunctive relief is not granted; (2) the likelihood of harm to the defendants if such relief is granted; (3) the likelihood that the plaintiffs will succeed on the merits; and (4) the public interest.

The initial step in the *Blackwelder* analysis is the balancing of the likelihood of irreparable harm to the plaintiffs, if injunctive relief is denied, against the harm to the defendants if the relief is granted. Indeed, if there is a serious imbalance in the plaintiffs' favor, the Court need not require any showing of a likelihood of success on the merits as long as grave and serious questions are presented in the suit. *Blackwelder* at 196. The public interest is then served by the maintenance of the *status quo ante litem.*

Notwithstanding their contentions, the only effect of a denial of the plaintiffs' motion is the necessity for them to present a defense to the action pending in the District Court of Maryland for Prince George's County. The plaintiffs will be given the opportunity to raise defenses[1] against eviction, *Gelston v. Sigmund*, 27 Md. 334 (1867), and may appeal an adverse decision in the appropriate state circuit court, *Walker v. Kirwan*, 137 Md. 139, 111 A. 775 (1920).

In the absence of any demonstration of irreparable harm to the plaintiffs, the Court must consider the likelihood that plaintiffs will succeed on the merits of this case. Without venturing a definite statement of the likelihood of success, the Court will note the strong evidence that the eviction proceedings were prompted by the plaintiffs' repeatedly late rental payments. Suffice it to say that the plaintiffs' likelihood of success is not so apparent that the public interest would justify intervention in the pending state proceedings.

Accordingly, the plaintiffs' motion for preliminary injunction was denied.

See also D.C., 87 F.R.D. 487.

1. Although the Maryland state courts have apparently not been faced with the issue, it is clear that a racially–motivated termination, or refusal to renew a lease, is a defense to an action for possession under a state forcible entry and detainer statute. *See, e. g., Marine Park Associates v. Johnson*, 1 Ill.App.3d 464, 274 N.E.2d 645 (Ill.1971).