James BING, Plaintiff,

v.

The ASSOCIATES LIMITED PARTNER-SHIP, M.J. Raynes Incorporated and Three Hanover Square Associates, Defendants.

No. 82 Civ. 7663.

United States District Court,
S.D. New York.

Dec. 1, 1982.

Byron E. Kirkland, Brooklyn, N.Y., for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendants; Steven J. Stein, Eileen Reinhardt, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This action was commenced under the Civil Rights Acts, 42 U.S.C., sections 1981, 1982, 1985 and 1986, to enjoin preliminarily and permanently the eviction of plaintiff from an apartment leased by him from the defendants herein, the landlord and his managing agents. The eviction so sought to be enjoined is authorized under a judgment duly entered in a state civil court action, a landlord and tenant proceeding, wherein the parties were afforded a full and fair opportunity to present their respective contentions. An appeal by plaintiff from the denial of his motion to vacate the judgment of eviction is presently pending undetermined in the Appellate Term of the New York State Supreme Court, First Department.

The basic and historical facts which follow are not in dispute. Plaintiff, a lawyer, was the tenant of an apartment at Three Hanover Square, New York City, which he occupied for residential and professional purposes under a three-year lease ending October 31, 1982, at a monthly rental of $773. In May 1982, when plaintiff was in arrears in a substantial sum, the defendant landlord instituted an action in the Civil Court of the City of New York, County of New York (Housing Part), for eviction of the plaintiff and possession of the premises. When the case was called for trial, plaintiff and the landlord entered into a written stipulation whereby plaintiff consented to a final judgment of possession and a judgment for $6,240, which included past due arrears and rent to the date of the settlement. The sum was payable in installments with a final payment of "$2,375 along with the monthly rent for July, 1982, Aug., 1982 and Sept. 1982 on or before Sept. 10, 1982"—a total of $4,694. The stipulation provided that in the event payment of any installment was not made by the tenant, the stay of the issuance of the warrant of eviction was to be vacated and further that if the judgment in the sum of $6,240 was not paid on the dates set forth, the tenant could be evicted even if the money was offered, and if the tenant was evicted he remained liable for the judgment. The stipulation was "so ordered" by the trial judge to whom it had been assigned (the "trial judge") and judgment was entered accordingly.

After making the initial payments, plaintiff failed to pay the final installment by September 10, 1982. Before the landlord was able to execute the eviction order and repossess the apartment, plaintiff made a series of motions to vacate the judgment, to stay execution of the warrant of eviction and to restore the case to trial. On September 15 plaintiff applied for an order to show cause containing a stay of the execution of the warrant of eviction. The asserted ground for this application was the

plaintiff had recently discovered that the amount payable under the stipulation had been overstated; that subsequent to the period following the signing of the stipulation, when rent was not yet due, that is for the months of July, August and September 1982, the landlord committed a breach of contract and a breach of the warranty of habitability and plaintiff was entitled to "a rent abatement for the months of July, August and September 1982"; that these were the reasons he had not made payment of the September 10, 1982 installment. No claim was asserted with respect to the past due rent prior to July 1982, which was the basis of the landlord's petition for eviction and a judgment for the amount then due. The trial judge declined to sign the order to show cause which contained a stay of the warrant of eviction.

Two days later, on September 17, plaintiff again applied for the same relief. This time, in addition to the claims set forth in the prior application, he alleged that on July 19, 1982, a water leak in the apartment caused extensive damage to various areas of the apartment which the landlord failed to correct for a period of five weeks and that during the week of September 6, 1982, the landlord exterminated for roaches but the problem of infestation remained; and that in July and August various portions of the apartment and utilities were defective and that the management, although notified of the defects, failed to make the repairs. Plaintiff asserted that when he signed the stipulation of June 21 he understood that the landlord would maintain the apartment and he would preserve any claims based upon nonperformance by the landlord. In this instance, too, no challenge was made as to rent in arrears prior to July, August and September 1982; the balance of such past due arrears, as previously noted, was $2,375. Again the court declined to sign the order to show cause which contained a stay.

Plaintiff made a third application returnable on September 24 in which he alleged that the landlord breached the "warranty of habitability and the stipulation. A stipulation which provided for the payment of rent

is a contract. Warranty of habitability is implied in every contract by statute." The landlord opposed the application on the ground, among others, that the plaintiff "did nothing, until the landlord obtained a warrant" for his eviction and that plaintiff had failed to show either undue influence, fraud, overreaching or mutual mistake in order to vacate or set aside the stipulation. A hearing was had on that application and again plaintiff's motion was denied.

Plaintiff then shifted his activity to the State Supreme Court. He commenced an action there against the landlord and his managing agents (the defendants in this action) seeking a preliminary and permanent injunction restraining them from evicting him under the judgment entered in the Civil Court Housing Part ("Housing Court") and to recover compensatory and punitive damages in the sum of $1,250,000. The complaint alleged that at the hearing conducted on September 24 the defendants had violated plaintiff's rights by giving false testimony as to (a) plaintiff's handwriting; (b) the duration of existing problems in the apartment; and (c) plaintiff being a problem tenant. Upon the argument of this motion the defendants urged that this pending state action which paralleled the claims advanced in this federal action required its dismissal. In the latest brief filed by plaintiff he announces that he has withdrawn the state action.

Apart from the now discontinued state suit plaintiff previously carried on activities other than those already referred to. After a series of motions before other judges of the court which are referred to by plaintiff but are not relevant since the landlord and tenant proceeding had been assigned to the trial judge, plaintiff again sought relief from the trial judge who had denied his prior application. Plaintiff described this motion as a renewal and reargument of the motion of September 24 to vacate the judgment of eviction and to restore the case to the trial calendar. This last motion was scheduled to be heard on October 29. However, prior to the return day plaintiff commenced a CPLR Article 78 proceeding

against the trial judge and the county clerk for an order: (1) directing the trial judge to enter an order with respect to the hearing held on September 24 upon a claim that the original order was not in the files; (2) directing the trial judge and the county clerk to provide information necessary to obtain a transcript of the hearing of September 24; and (3) directing the trial judge not to sit on the scheduled October 29 hearing. The Article 78 petition was withdrawn upon a stipulation that respondents would make a good faith effort to obtain copies of the order to show cause dated September 17 and the order dated September 24. The withdrawal also provided that a good faith effort would be made to obtain at petitioner's expense a copy of the transcript of the proceedings on September 24, 1982 and October 29, 1982. Although available at the time of the argument before this court plaintiff thus far has not presented it in this action.

The October 29 motion was based upon plaintiff's allegation that the June 21, 1982 stipulation had been entered into "solely because of the landlord's misrepresentation that my rights under the lease would be protected" and upon the reiterated assertion that the stipulation implied a warranty of habitability which the landlord had breached. In addition, plaintiff alleged that although he had some experience as a lawyer in landlord and tenant matters, his experience was not great; that he was not aware of the intricate workings of the Housing Court and, furthermore, he was unprepared for the hearing on September 24; that he was shocked by testimony that the floors of his apartment had been only damaged a period of ten days when a period of thirty days was closer to the truth. The trial judge granted the motion for reargument, and upon reconsideration granted the landlord's cross-motion for enforcement of the judgment and the issuance of the warrant of eviction.

The plaintiff then filed a notice of appeal to the Appellate Term of the Supreme Court, First Department, and moved, pending the determination of the appeal, for a stay of the eviction order. In addition to the grounds previously urged, plaintiff contended that he had been denied fair hearings on September 24 and October 29, 1982. He and his attorney submitted affidavits in support of the motion. The attorney for the landlord submitted an affidavit in opposition, which included information that prior to "so ordering" the stipulation of June 21 the trial court took testimony of plaintiff and landlord as to "whether or not they knew exactly what they were doing, as to whether they knew in fact they were waiving their rights to trial and that they understood exactly what they were signing." On November 16 the Appellate Term denied plaintiff's application to stay enforcement of the judgment of eviction under the June 21 order based upon plaintiff's stipulation. Plaintiff's appeal from the denial of his motion to vacate the stipulation of June 21 still remains undetermined by the Appellate Term of the State Supreme Court.

Following denial of his motion for a stay by the Appellate Term, plaintiff commenced this action seeking, among other matters, to enjoin defendants from evicting plaintiff and upon allegations that he "is a black man" from continuing unlawful racial discrimination, conspiratorial and other unlawful conduct against plaintiff in violation of due process and the equal protection laws. In addition, he seeks $3,000,000 compensatory damages and $3,000,000 punitive damages.

There is now before the court plaintiff's application for a preliminary injunction to restrain defendants from executing the warrant of eviction pending the hearing and determination of the merits of this action—in effect, a renewal of the motion made to the Appellate Term and denied by it. Plaintiff and counsel representing defendants have been heard on argument. The foregoing recital of basic and historical facts makes it abundantly clear that plaintiff's claims in this action are without substance. Plaintiff has had full adversarial hearings in the state court on all his applications upon which he now seeks to ground this action under the Civil Rights Acts. Significantly, not a single evidentiary fact

has been submitted on this motion to sustain the charge of racial discrimination here advanced for the first time.[1] During the course of the multiple motions and actions before the State Civil Court, the Supreme Court and the Appellate Term, plaintiff at no time asserted any such claim. Plaintiff's current broadside charge of racial discrimination is at once negated by the simple fact that the apartment was leased to the plaintiff. His right to possession and whatever statutory rights attached by reason thereof were no less than those of all other tenants in the premises. It was only plaintiff's failure to pay the rental specified in the lease and his subsequent failure to live up to his commitment under the stipulation to meet the arrears and accruing monthly rental that resulted in the eviction order. The warrant of eviction which was enforceable upon his default in the payment of the stipulated September 10 installment included past arrears of rent as to which no claim of warranty could be or has ever been asserted.

Plaintiff's further claim in this action that he was denied due process of law because at the September 24 hearing a layman committed perjury when he identified plaintiff's signature on the June 21 stipulation is specious, if not preposterous. There is not the slightest doubt that the stipulation bears plaintiff's signature; he so conceded upon the argument of this motion.

Equally without substance is plaintiff's claim that he was denied due process and the equal protection of the laws because the defendants permitted an employee to give false testimony at the September 24 hearing as to the duration of the water damage, to wit, that it existed for ten days whereas it existed for five weeks before it was repaired, and further that he was a "problem tenant." These were issues of fact involving credibility to be decided by the fact finder. Plaintiff's claim that he was denied due process because he was forced to proceed on the October 29 reargument and rehearing without a transcript of the September 24 hearing is another fictitious issue. A reargument does not require a transcript of a prior hearing. Plaintiff was possessed of all facts and information necessary to support his contentions.

Plaintiff's various claims dissolve in the light of the undisputed facts. Plaintiff has failed to establish either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation.[2] While he alleges that there was "no apparent reason" other than his race for the decision to evict him, the record demonstrates beyond question, as previously noted, the reason was his failure to pay the rent as provided for in the lease, and after his default, his failure to live up to the terms of the stipulation.[3] His motion for a preliminary injunction is therefore denied.

Execution of the eviction warrant is stayed for twenty-four hours—that is, to December 2, 1982, at 9 a.m., at which time it expires.

---

1. The vague, general, conclusory allegations of a conspiracy to deprive plaintiff of his civil rights are insufficient. *See Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir.1981); *Ellentuck v. Klein*, 570 F.2d 414, 432–33 (2d Cir.1978); *Powell v. Workmen's Compensation Bd.*, 327 F.2d 131, 137 (2d Cir.1964); *Morpurgo v. Board of Higher Ed.*, 423 F.Supp. 704, 713 n. 16 (S.D.N.Y. 1976).

2. *See Sperry International Trade, Inc. v. Govt. of Israel*, 670 F.2d 8, 11 (2d Cir.1982).

3. *Cf. Banke v. Community Realty Corp.*, 497 F.Supp. 409 (D.Md.1980); *see also Duckett v. Silberman*, 568 F.2d 1020, 1023 (2d Cir.1978).